199 P.3d 1017 (2009)
STATE of Washington, Respondent,
v.
Matthew J. HIRSCHFELDER, Appellant.
No. 36804-8-II.
Court of Appeals of Washington, Division 2.
January 13, 2009.
*1019 Robert Martin Morgan Hill, Morgan Hill PC, Olympia, WA, for Appellant.
Megan M. Valentine, Grays Harbor Prosecutor's Office, Montesano, WA, for Respondent.
Harriet Kay Strasberg, Attorney at Law, Olympia, WA, Amicus Curiae on behalf of Washington Education Association.
David Allen, Ariela Lirite Wagonfeld, Allen Hansen & Maybrown PS, Susan F. Wilk, Washington Appellate Project, Seattle, WA, Amicus Curiae on behalf of Washington Assoc. of Criminal Defense Lawyers.
VAN DEREN, C.J.
¶ 1 Matthew Hirschfelder appeals the trial court's denial of his motion under State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986) to dismiss the charge of first degree sexual misconduct with a minor, contrary to RCW 9A.44.093(1)(b). He contends that the trial court erred because the facts as alleged do not constitute a crime under RCW 9A.44.093(1)(b); alternatively, he argues that if the statute criminalizes sexual contact with an 18-year-old student, it (1) is unconstitutionally vague and/or ambiguous and (2) violates his right to equal protection under the constitution.[1] We hold that the statute is ambiguous but legislative history indicates that the legislature intended to only criminalize sexual contact between school employees and students aged 16 and 17 in RCW 9A.44.093(1)(b); therefore, we reverse and remand for dismissal.

FACTS
¶ 2 The abbreviated facts in the record on appeal indicate that, on the night of a book signing at Hoquiam High School, Hirschfelder, a high school choir teacher, allegedly had sexual intercourse with AMT,[2] an 18-year-old member of the high school choir. Hirschfelder was more than 60 months older than AMT. This incident occurred shortly before AMT graduated from high school.
¶ 3 The State charged Hirschfelder with one count of first degree sexual misconduct with a minor, under RCW 9A.44.093(1)(b). Hirschfelder filed a motion to dismiss under Knapstad and a second motion to declare RCW 9A.44.093(1)(b) unconstitutional and to dismiss.
¶ 4 The trial court denied Hirschfelder's motions, but certified "that [its] order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate determination of the litigation." Clerk's Papers (CP) at 117. We granted Hirschfelder's subsequent petition for discretionary review.

ANALYSIS
¶ 5 Hirschfelder asserts that the trial court erred in failing to grant his motion for dismissal *1020 under Knapstad. On appeal, he first argues that he did not commit a crime under the plain language of RCW 9A.44.093(1)(b) because it implicitly limits the age of the victims to 16- and 17-year-olds. Alternatively, he argues that RCW 9A.44.093(1)(b) is unconstitutionally vague and/or ambiguous and, if the statute proscribes sexual contact between school employees and students who are 18 or older, it violates his right to equal protection under the law. We agree with Hirschfelder and hold that the legislature intended to criminalize sexual misconduct between registered students who are 16- and 17-years-old and school employees who are at least 60 months older than these students. Therefore, the trial court erred when it did not grant Hirschfelder's motion to dismiss under Knapstad. Because we resolve the argument using principles of statutory construction, we do not address the constitutional challenges to RCW 9A.44.093(1)(b) and reverse and remand for dismissal of the charge against Hirschfelder.

I. Knapstad Motion
¶ 6 Here, as the trial court recognized, its decision on Hirschfelder's Knapstad motion is determinative of the matter. To prevail on a Knapstad motion, the defendant must establish that "there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt." 107 Wash.2d at 356, 729 P.2d 48. We review a trial court's denial of a Knapstad motion de novo. See State v. O'Meara, 143 Wash.App. 638, 642, 180 P.3d 196 (2008).
¶ 7 RCW 9A.44.093 states that a "person is guilty of sexual misconduct with a minor in the first degree" in three situations. Under RCW 9A.44.093(1)(b),[3] which applies here, a school employee is guilty of sexual misconduct with a minor if he or she has sexual intercourse with a student who is (1) at least 16-years-old, (2) at least 60 months younger than the employee, and (3) not married to the employee. The parties dispute whether RCW 9A.44.093(1)(b) prohibits sexual intercourse with minor students aged 16 and 17 only or with all students 16 and older.
¶ 8 For purposes of the Knapstad motion, Hirschfelder conceded the truth of the alleged facts, (1) he had sexual intercourse with the student AMT when she was 18-years-old, (2) he is more than 60 months older than AMT, and (3) he was not married to AMT at the time. Since there are no material facts in dispute, the only issue is whether the undisputed facts satisfy the elements of sexual misconduct with a minor; in other words, whether RCW 9A.44.093(1)(b) prohibited Hirschfelder from having sexual intercourse with an 18-year-old student.

II. Statutory Ambiguity
¶ 9 Hirschfelder first argues that under RCW 9A.44.093(1)(b), "minor" means a "person under the age of eighteen" because that is both its common and legal definition. Moreover, he asserts that the statute as a whole implicitly establishes the victim's maximum age as 17 when subsection (b) is read in the context of (a) and (c). Subsection (a) explicitly establishes the victim's age as either *1021 16 or 17. Subsection (c) deals with sexual misconduct with a "foster child who is at least sixteen," RCW 9A.44.093(1)(c), and thus implicitly applies to victims who are 16 and 17 because a foster child is statutorily defined as "a person less than eighteen years of age."[4] RCW 74.13.020(5). Finally, Hirschfelder argues that subsection (b) is ambiguous if it is interpreted differently from subsections (a) and (c) to proscribe sexual contact with persons who are not minors, because it leaves persons of common intelligence to guess at its meaning and disagree about its applicability. Furthermore, he argues that this ambiguity is enhanced by the phrase prohibiting a school employee from causing "another person under the age of eighteen" to engage in sexual intercourse with the victim.[5] Br. of Appellant at 21 (quoting RCW 9A.44.093 (1)(b)).
¶ 10 The State counters that the legislature's failure to define "minor" in RCW 9A.44.093 or anywhere in chapter 9A.44 RCW does not mean that the legislature intended to restrict the definition of "minor" to a person under the age of majority. The State also argues that subsections (a) and (c) of RCW 9A.44.093(1) do not control the definition of "minor" in subsection (b) because subsections (a) and (c) either explicitly or implicitly limit the victims to 16- and 17-year-olds. Instead, the State argues that the legislature's use of the phrase "`a registered student of the school who is at least sixteen years old'" refers to students who are less than 21 years of age, based on the Basic Education Act's statement that "`[e]ach school district's kindergarten through twelfth grade basic educational program shall be accessible to all students who are five years of age ... and less than twenty-one years of age.'" Br. of Resp't at 10 (quoting RCW 9A.44.093(1)(b); RCW 28A.150.220(3)). Thus, the State concludes that the phrase "at least sixteen years old" can be reasonably interpreted to include someone who is 18.

A. Rules of Statutory Construction
¶ 11 For the purposes of this appeal, we must first determine whether the plain language of RCW 9A.44.093(1)(b) establishes the age of victims and, if not, we then review the legislative history and relevant case law to ascertain the statute's meaning. See Christensen v. Ellsworth, 162 Wash.2d 365, 372-73, 173 P.3d 228 (2007). "`[I]f the statute's meaning is plain on its face, then [we] must give effect to that plain meaning.'" Christensen, 162 Wash.2d at 372, 173 P.3d 228 (quoting Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002)). "In the absence of [ ]specific statutory definition[s]," we give words their common legal or ordinary meaning. State v. Chester, 133 Wash.2d 15, 22, 940 P.2d 1374 (1997). We give non-technical words their dictionary definition. Chester, 133 Wash.2d at 22, 940 P.2d 1374.
¶ 12 We also discern plain meaning from the context of the statute containing the provision, related provisions, and the statutory scheme as a whole. Christensen, 162 Wash.2d at 373, 173 P.3d 228. We interpret and construe statutes "`so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" State v. Roggenkamp, 153 Wash.2d 614, 624, 106 P.3d 196 (2005) (internal quotation marks omitted) (quoting State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003)). When interpreting a criminal statute, "we give it a literal and strict interpretation." State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003).
¶ 13 If a plain meaning analysis fails to resolve the matter, we next turn to legislative history and relevant case law to discern the legislature's intent regarding the age of victims under RCW 9A.44.093(1)(b). See Christensen, 162 Wash.2d at 373, 173 P.3d 228. "The court's purpose in construing a statute is to ascertain and give effect to the *1022 intent and purpose of the Legislature." State v. Van Woerden, 93 Wash.App. 110, 116, 967 P.2d 14 (1998). Finally, if we cannot resolve an ambiguity through these steps, we apply the rule of lenity in favor of the accused. State v. Stratton, 130 Wash.App. 760, 764-65, 124 P.3d 660 (2005).

B. Plain Language of RCW 9A.44.093(1)(b)
¶ 14 RCW 9A.44.093(1)(b) uses the terms "minor" and "student" and the phrase "another student under the age of eighteen." The legislature did not define "minor" or "student" in RCW 9A.44.093 or in chapter 9A.44 RCW. Furthermore, it did not define synonyms like "child" or "juvenile." See RCW 9A.44.010.

1. "Minor"
¶ 15 According to a common usage dictionary, the relevant definition of "minor" is "a person of either sex under full age or majority: one who has not attained the age at which full civil rights are accorded: one who in England and generally in the U.S. is under 21 years of age." Webster's Third New International Dictionary 1439 (2002). Black's Law Dictionary defines the "age of majority" as "[t]he age, usu[ally] defined by statute as 18 years, at which a person attains full legal rights.... In almost all states today, the age of majority is 18, but the age at which a person may legally purchase and consume alcohol is 21." Black's Law Dictionary 66 (8th ed.2004). "Minor" is defined without specifying an age, using other similar words, namely, "child," "juvenile," and even "infant."[6] Black's Law Dictionary 1017 (8th ed.2004). Thus, according to dictionary meanings, "minor" could mean anyone under the age of majority, inclusive of 18- to 21-year-olds, or it could mean only those under age 18.
¶ 16 Because the definition of "minor" in RCW 9A.44.093(1)(b) is unresolved by dictionary definitions, we next look to the statutory context. In the Revised Code of Washington, statutory language generally refers to persons under the age of 18 as minors. 19 Kenneth W. Weber, Washington Practice: Family and Community Property Law § 22.2, at 461-62 (1997). Moreover, at age 18, persons are deemed to be "of full age" for the purposes of "decisions in regard to their own body," unless otherwise provided by statute. RCW 26.28.015(5).[7] Although statutory terminology is not always consistent, the language referring to those under 18 can easily be interpreted to refer to minors in most cases. See, e.g., RCW 26.28.060 (statute regulating employment of young persons uses the term "child"); RCW 13.04.240, .300 (Juvenile Court Act often uses terms "juvenile" or "child"). RCW 26.28.010 establishes that a person is accorded full civil rights at the age of 18, with the exception of alcohol consumption.
¶ 17 Furthermore, the legislature placed RCW 9A.44.093 and RCW 9A.44.096, "Sexual misconduct with a minor," among the statutory descriptions of other offenses or statutes dealing with children, such as "Rape of a child," RCW 9A.44.073, .076, .079; "Child molestation," RCW 9A.44.083, .086, .089; and "Admissibility of child's statement," RCW 9A.44.120. It is significant that this statute is grouped with criminal offenses against children, none of which criminalizes acts with victims over age 16. Moreover, in chapter 9.68A RCW, under the chapter heading "Sexual Exploitation of Children," the legislature *1023 defined "minor" as "any person under eighteen years of age." RCW 9.68A.011(4). This explicitly limiting definition applies to numerous crimes involving sex-related offenses and minors. See ch. 9.68A RCW. Given the dictionary definitions and common usage of "under eighteen" as the standard for "minor" in the Revised Code of Washington, we apply that meaning to RCW 9.44.093(1)(b).

2. "Student"
¶ 18 If the legislature had used only the term "minor" in RCW 9A.44.093(1)(b), the plain meaning of the term would be resolved by the applicable analysis. But the statute also refers to "students" and provides that a school employee may not cause "another person under the age of eighteen" to engage in sexual intercourse with the victim. RCW 9A.44.093(1)(b). The statute deals with the relationship between "school employee[s]," defined in section (3),[8] and "student[s]." RCW 9A.44.093(1)(b) does not define the age range for "students," nor does it clearly indicate to whom it refers as "another person."
¶ 19 As with the word "minor," we first turn to common language dictionaries in an attempt to determine the age of a "student." See Chester, 133 Wash.2d at 22, 940 P.2d 1374. Unlike definitions that establish the age of "minors," we find no plain language dictionary definition explicitly establishing the age of "students" and neither the parties nor amici supplied a plain language dictionary definition of a student's age. Dictionaries define "students" only by referring to their level of schooling: "one enrolled in a class or course in a school, college, or university." Webster's Third New International Dictionary 2268 (2002). Thus, the plain meaning of the word "student" used in RCW 9A.44.093(1)(b) is unresolved by dictionary definitions.
¶ 20 Turning to the statutory context, we find that RCW 9A.44.130(10)(d), which deals with sex offenders and kidnappers, defines "student" more expansively than "minor," but again without reference to age and only for the purpose of the statute itself and related offender-registration statutes.[9] RCW 9A.44.130(10)(d). On the other hand, the Office of Superintendent of Public Instruction defines "student" without resorting to the use of the word "minor,"[10] WAC 181-87-040, and the Basic Education Act defines the age range of "students" by providing that Washington offers basic education "to all students who are five years of age ... and less than twenty-one years of age." RCW 28A.150.220(3). "[I]t is the general policy of the state that the common schools shall be open to the admission of all persons who are five years of age and less than twenty-one years residing in that school district." RCW 28A.225.160.
¶ 21 The Ninth Circuit Court of Appeals, in a concurring and dissenting opinion, interpreted RCW 9A.44.093(1)(b) to limit the age of student-victims to those under 18, noting that Washington is one of many states that *1024 "raise[s] the age of consent to 18 if the actor is a parent, guardian, teacher, person in a position of authority, or another relative." United States v. Rodriguez-Guzman, 506 F.3d 738, 748, 748 n. 2 (9th Cir.2007) (Siler, J., concurring in part and dissenting in part on issue of whether California's age of consent at age 18 is out of step with the vast majority of states) (emphasis added). Thus, we conclude that for the purposes of RCW 9A.44.093(1)(b), the common and legal definitions of "students" conflicts with those of "minor" because the two words refer to groups who may be of differing age ranges (between 18 and 21 and under 18, respectively).

3. "Another person under the age of eighteen"
¶ 22 The parties also dispute the legislature's intent regarding the age of the student-victim by RCW 9A.44.093(1)(b)'s reference to "another person under the age of eighteen" in the intervening phrase "or knowingly causes another person under the age of eighteen to have, sexual intercourse with a registered student of the school who is at least sixteen years old and not married to the employee, if the employee is at least sixty months older than the student." The statute dictates that the actions of three different persons may give rise to criminal liability for a school employee for sexual misconduct with a minor: (1) the school employee, who must be at least 60 months older than the student; (2) the registered student, who must be at least 16; and (3) "another person under the age of eighteen." RCW.9A.44.093(1)(b).
¶ 23 We analyze this disputed phrase relating to the third person ("another person under the age of eighteen") according to rules of grammar. "A phrase that is restrictive, that is, essential to the meaning of the noun it belongs to, should not be set off by commas. A nonrestrictive phrase, however, should be enclosed in commas or, if at the end of a sentence, preceded by a comma." The Chicago Manual of Style § 6.31 at 248 (15th ed.2003). The State argues that the presence of commas around the entire phrase "or knowingly causes another person under the age of eighteen to have" makes "another person under the age of eighteen" nonrestrictive, so that it does not modify either the age of the school employee or the age of the student-victim in RCW 9A.44.093(1)(b). Essentially, the State reads the intervening phrase,[11] "another person under the age of eighteen" wholly separate from the remainder of RCW 9A.44.093(1)(b) and, in essence, reads out the portion referring to "under the age of eighteen."
¶ 24 The State implicitly argues that "another person" should be read as simply a different person than the school employee. We agree that "another" can be defined as either "different or distinct from the one first named or considered" or "being one more in addition to one or a number of the same kind." Webster's Third New International Dictionary 89 (2002). We also agree that "another person" is a different person than the school employee but we do not read "another person" out of the statute. We must interpret and construe statutes "`so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" Roggenkamp, 153 Wash.2d at 624, 106 P.3d 196 (internal quotation marks omitted) (quoting J.P., 149 Wash.2d at 450, 69 P.3d 318). Thus, our analysis here focuses on the entire disputed portion "another person under the age of eighteen." RCW 9A.44.093(1)(b).
¶ 25 Use of the modifying descriptor, "under the age of eighteen," restricts the immediately preceding noun "another person." The legislature's juxtaposition of the noun and the modifying language shows its intent that both the registered student and "another person" knowingly caused by the school employee to have sexual intercourse with a registered student be under the age of 18. RCW 9A.44.093(1)(b) requires that any school employee charged with sexual misconduct with a registered student be at least 60 months older than the student-victim. Because any registered student-victim must be at least 16, any charged school employee must be at least 21-years-old (or nearly so, depending on when the 60 months is satisfied). *1025 Based on these numbers, the school employee can never be under the age of 18 and can, therefore, never be "another person under the age of eighteen" for purposes of RCW 9A.44.093(1)(b).
¶ 26 Applying rules of statutory construction, the definition of "another person" in RCW 9A.44.093 (1)(b) is thus a second person of the same kind as the student, who is necessarily the only other person who can be under the age of 18. Stated another way, the school employee must always be at least 21 and the student-victim must always be under 18 because the person who is "another person under the age of eighteen" must be a second person under the age of 18.
¶ 27 But this interpretation of RCW 9A.44.093(1)(b) does not resolve the conflict with the legislature's use of the term "student," which includes those between the ages of 18 and 21. Clearly, persons of common and greater than common intelligence differ on the reasonable interpretation and effect of RCW 9A.44.093(1)(b). "`[A] statute that is susceptible to two or more reasonable interpretations is ambiguous.'" State v. Carter, 138 Wash.App. 350, 356, 157 P.3d 420 (2007) (quoting State v. Faust, 93 Wash.App. 373, 376, 967 P.2d 1284 (1998)). Unless legislative intent indicates otherwise, "the rule of lenity requires that we interpret [RCW 9A.44.093(1)(b)] in favor" of Hirschfelder. Stratton, 130 Wash.App. at 765, 124 P.3d 660. Thus, we examine the legislative history of RCW 9A.44.093(1)(b) to further clarify and discern the legislature's intent regarding the age of victims under the statute.

C. Legislative History of RCW 9A.44.093(1)(b)
¶ 28 In RCW 9A.44.093(1)(b), interpretation of the word "minor" and the phrase "another person under the age of eighteen" conflict with the arguable age range of "student." Because the plain meaning of RCW 9A.44.093(1)(b) is unclear, we resort to legislative history and relevant case law to construe its meaning, keeping in mind that our "fundamental objective is to ascertain and carry out the Legislature's intent." Ecology, 146 Wash.2d at 9, 43 P.3d 4.

1. The Original Bill
¶ 29 When RCW 9A.44.093(1)(b) was first introduced in 2001, it prohibited a school employee from having sexual intercourse with a student 16- or 17-years-old, if the employee was a supervisor of the student and the two were not married. H.B. 1091, at 2, 57th Leg., Reg. Sess. (Wash.2001). The legislature removed the under age 18 limit for student-victims from the substitute bill, along with the requirement of a supervisory relationship. Substitute H.B. 1091, at 1, 57th Leg., Reg. Sess. (Wash.2001). The House Bill Report[12] explains that "[t]he substitute bill eliminates the requirement that the student be under the age of 18, thus covering registered students over the age of 18 who are completing independent education plans." The purpose of the bill was to "close [a] loophole" in the law at the time which "require[d] that [the State prove an] actual threat or promise to use the [defendant's] authority to the detriment or benefit of the student" in exchange for sexual intercourse with the student.[13] H.B. Rep. on Substitute H.B. 1091, at 2, 57th Leg., Reg. Sess. (Wash. 2001).
¶ 30 The Senate Bill Report also focused on closing the loophole, but stated that

*1026 [s]exual activity should be prohibited between all school employees and all students, regardless of whether the employee is a teacher of that particular student or abuses a supervisory position with the student. The current law does not always allow prosecution if the teacher or person having the sexual relationship with the student does not give grades to the student.
S.B. Rep. on Substitute H.B. 1091, at 2, 57th Leg., Reg. Sess. (Wash.2001).

2. Governor's Veto of Original 2001 Bill
¶ 31 Governor Locke vetoed this "overly broad" bill because it criminalized sexual intercourse "even if both parties were teenagers, as long as one of them is a school employee." Noting that he "worked to strengthen our laws dealing with sex offenses against minors," he explained that the proposed bill language would apply to "sexual conduct with a student between 16 and 18 years old." To allay his concern that the bill's scope captured too many teenaged perpetrators, he suggested that lawmakers rewrite the bill "to permit prosecution only of those 18 years or older and who are not students in the same school." 1 Legislative Digest and History of Bills, 57th Leg., at 504 (1st ed. Wash.2001) (emphasis added).

3. Interim, Post-veto Revision of Bill
¶ 32 Less than a week later, house members introduced a new bill following the governor's suggestion that school employees be "at least eighteen years old." H.B. 2262, at 1, 57th Leg., 1st Spec. Sess. (Wash.2001). Thereafter, lawmakers changed the "at least eighteen" minimum age for school employees to a 60 month age difference between the employee and student. Engrossed H.B. 2262, at 1, 57th Leg., 1st Spec. Sess. (Wash. 2001). Lawmakers did not address the age of the student-victim in the second version of the bill. Ultimately, this bill died in committee. 2 Legislative Digest and History of Bills, 57th Leg., at 453 (2d ed., Wash.2002).
¶ 33 Senators introduced third and fourth bills (S.B. 6288 and S.B. 6498) setting the maximum age of student-victims at 18 with a 60 month age differential, but one failed to get out of committee and the second similarly died in the House. 2 Legislative Digest and History of Bills, 57th Leg., at 508-09, 590 (2d ed., Wash.2002).

4. Current Statute
¶ 34 Finally, the sponsoring senators added RCW 9A.44.093(1)(b) as a rider to a successful omnibus sex offender bill, Substitute S.B. 6151. It read then, as it does now:
A person is guilty of sexual misconduct with a minor in the first degree when: ... the person is a school employee who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with a registered student of the school who is at least sixteen years old and not married to the employee, if the employee is at least sixty months older than the student.
2 Laws of 2001, ch. 12, § 357. The only mention of sexual misconduct with a minor in S.B. 6151's legislative history explains that RCW 9A.44.093(1)(b) was "modified to include a broader spectrum of school employees," namely, employees without direct authority over students. S.B. Rep. on Third Engrossed Substitute S.B. 6151, at 6, 57th Leg., 2d Spec. Sess. (Wash.2001) (emphasis added).
¶ 35 Lawmakers explained their intent in adopting RCW 9A.44.093(1)(b) in 2005, when they added subsection (c), which prohibits sexual intercourse between foster parents and foster children. In explaining previously adopted subsection (b), the Final Bill Report stated,
Sexual intercourse ... with a minor who is 16- or 17-years-old is not a crime, except for two situations. Sexual misconduct with a minor is a crime if the perpetrator is a school employee and the minor is a registered student of the school. Sexual misconduct with a 16- or 17-year-old is also a crime if the perpetrator is at least five years older, is not married to but is in a significant relationship to the minor, and abuses a supervisory position within that relationship to engage in or cause the minor to have sexual intercourse.
Final B. Rep. on Substitute S.B. 5309, at 1, 59th Leg., Reg. Sess. (Wash.2005) (emphasis *1027 added). In testimony on an earlier draft that added subsection (c), the Senate Bill Report expanded on the protection afforded to those under 18.
The way that the crime of sexual misconduct with a minor is currently defined does not pick up on situations in which adults prey upon teenagers who are physically mature but who are not developmentally prepared to make sound judgments in adult situations. Unless the perpetrator is a school employee and the victim is a student, the law currently requires the victim to show that his or her compliance with the perpetrator's demand for sex was based on a threat or promise of a special benefit. It is hard to prove that compliance was predicated on a threat or a promise. It is also more likely that a perpetrator will gradually gain the trust of a vulnerable youth and then take advantage of that trusting relationship by seducing the youth. The law should protect children under 18 from coaches, mentors, foster parents, and others who manipulate them into consenting to sexual contact or intercourse.
S.B. Rep. on S.B. 5309, at 2, 59th Leg., Reg. Sess. (Wash.2005) (emphasis added).

5. Analysis of Legislative Intent
¶ 36 Here, we are guided by several interpretive rules of legislative history. First, "[t]he Governor's veto statement is a part of legislative intent." New Castle Invs. v. City of LaCenter, 98 Wash.App. 224, 231, 989 P.2d 569 (1999). "In exercising the veto power, the Governor performs a legislative function and therefore must be considered to be acting as part of the Legislature." Allied Daily Newspapers of Wash. v. Eikenberry, 121 Wash.2d 205, 213, 848 P.2d 1258 (1993). Second, "sequential drafts [of a bill] may be useful in determining legislative intent" where nothing negates the assumption that the legislature was aware of changes in successive drafts. State v. Komok, 113 Wash.2d 810, 816 n. 7, 783 P.2d 1061 (1989).[14] "[We] presume[] that members of the Legislature were aware of prior drafts of the bill at the time the ... amendments to [the statute] were enacted." Bellevue Fire Fighters Local 1604 v. City of Bellevue, 100 Wash.2d 748, 753, 675 P.2d 592 (1984).
¶ 37 When Governor Locke vetoed the first bill, Substitute H.B. 1091, he determined that it defined student-victims as 16- and 17-years-old. 1 Legislative Digest and History of Bills, 57th Leg., at 504 (1st ed. Wash. 2001). The legislature never contradicted this definition; therefore, the governor's veto statement defining student-victims as 16-and 17-year-olds constitutes a clear indication of legislative intent and acceptance of this definition. Accordingly, the legislature carried forward this first bill's definition,[15] limiting student-victims to 16- and 17-year-olds in the bill it ultimately passed. See 2 Laws of 2001, ch. 12, § 357.
¶ 38 Third, "`while the views of subsequent Congresses cannot override the unmistakable intent of the enacting one, such views are entitled to significant weight, and particularly so when the precise intent of the enacting Congress is obscure.'" Rozner v. City of Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991) (citations omitted) (quoting Seatrain Shipbuilding Corp. v. Shell Oil Co., 444 U.S. 572, 596, 100 S.Ct. 800, 63 L.Ed.2d 36 (1980)).[16] Similarly here, the 2005 Final *1028 Bill Report made it clear that lawmakers viewed RCW 9A.44.093(1)(b) as criminalizing school employees' sexual contact only with "a minor who is 16- or 17-years-old." Final B. Rep. on Substitute S.B. 5309, at 1, 59th Leg., Reg. Sess. (Wash.2005). Thus, we conclude that the legislative history of RCW 9A.44.093(1)(b) clarifies that the legislature intended RCW 9A.44.093(1)(b) to criminalize only sexual misconduct between school employees and 16- and 17-year-old students.[17]
¶ 39 We hold that the trial court erred in denying Hirschfelder's Knapstad motion.[18] Because we decide this matter based on statutory interpretation, we do not address the parties' constitutional challenges to RCW 9A.44.093(1)(b).[19]

COSTS
¶ 40 Hirschfelder asks for "costs ... as allowed pursuant to RAP 14 and applicable case law." Br. of Appellant at 26. Under RAP 14.2, the party that substantially prevails on review is entitled to costs. Provided that Hirschfelder complies with RAP 18. 1, a commissioner of this court may award him costs.
¶ 41 Because the legislature intended that RCW 9A.44.093(1)(b) only criminalize only the behavior of school employees who have sexual intercourse with minor students under the age of 18, we reverse the trial court's ruling on Hirschfelder's Knapstad motion and remand for dismissal of the charge against him.
¶ 42 Reversed and remanded for dismissal.
We concur: HUNT and QUINN-BRINTNALL, JJ.
NOTES
[1] We granted requests of the Washington Education Association (WEA) and the Washington Association of Criminal Defense Lawyers (WACDL) to file amicus curiae briefs. Hirschfelder argues in his statement of additional grounds for review (SAG), RAP 10.10, that RCW 9A.44.093 is unconstitutionally vague and "corrupt." SAG at 2. WEA argues that the statute fails for vagueness under amendment XIV of the United States Constitution and article I, section 3, of the Washington Constitution. WACDL argues that it violates the right to privacy under the Washington Constitution, article I, section 7, as applied to these facts. The State responds to WEA's argument by arguing that the statute does pass constitutional muster. Because we decide that the legislature did not intend to criminalize sexual behavior with registered students 18 and older, we do not address the constitutional claims raised.
[2] The trial court record and all parties refer to the student by her initials. We use the initials AMT for clarity and consistency.
[3] RCW 9A.44.093 states:

(1) A person is guilty of sexual misconduct with a minor in the first degree when:
(a) The person has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with another person who is at least sixteen years old but less than eighteen years old and not married to the perpetrator, if the perpetrator is at least sixty months older than the victim, is in a significant relationship to the victim, and abuses a supervisory position within that relationship in order to engage in or cause another person under the age of eighteen to engage in sexual intercourse with the victim; (b) the person is a school employee who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with a registered student of the school who is at least sixteen years old and not married to the employee, if the employee is at least sixty months older than the student; or (c) the person is a foster parent who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with his or her foster child who is at least sixteen.
(2) Sexual misconduct with a minor in the first degree is a class C felony.
(3) For the purposes of this section, "school employee" means an employee of a common school defined in RCW 28A.150.020, or a grade kindergarten through twelve employee of a private school under chapter 28A.195 RCW, who is not enrolled as a student of the common school or private school.
(Emphasis added.)
[4] Hirschfelder points to our decision holding that a "foster child" is under the age of 18. Wheeler v. Rocky Mountain Fire & Cas. Co., 124 Wash. App. 868, 873, 103 P.3d 240 (2004).
[5] Hirschfelder also argues that RCW 9A.44.093(1)(b) does not apply to sexual intercourse with students over 17 because the laws of other states (North Carolina, Ohio, Connecticut, and Texas) that criminalize this behavior do not use the word "minor." We need not address this argument because we can resolve the issue based on Washington law.
[6] The State defines each of these words, showing that the age of a "child" or "infant" is less than 18, though the maximum age of a "juvenile" is 18 and concludes that the plain meaning of "minor" is not a person under 18. But the meanings of these four words are not coextensive; rather, they are provided as rough substitutes. While an infant will always be a minor, a minor will not always be an infant.
[7] The State argues that RCW 26.28.015(5) is inapposite because (1) it regulates decisions by persons with regard to their bodies (in this case, the students), while the statute at issue, RCW 9A.44.093(1)(b), regulates the conduct of school employees and (2) RCW 9A.44.093(1)(b) is not limited to situations of consensual sexual intercourse. The central issue here, however, is the student's age for the purposes of this criminal statute. RCW 26.28.015(5) supports Hirschfelder's argument that under RCW 9A.44.093(1)(b) the legislature criminalized sexual misconduct with 16- and 17-year-olds because 18-year-olds can make decisions regarding their bodies, including whether to have intercourse.
[8] RCW 9A.44.093(3) states, "For the purposes of this section, `school employee' means an employee of a common school defined in RCW 28A.150.020, or a grade kindergarten through twelve employee of a private school under chapter 28A.195 RCW, who is not enrolled as a student of the common school or private school." It is undisputed that Hirschfelder is a "school employee" under this definition. Also, because persons over the age of 18 can attend public common schools, the definition of "school employee" does not narrow the age range of "students."
[9] "`Student' means a person who is enrolled, on a full-time or part-time basis, in any public or private educational institution. An educational institution includes any secondary school, trade or professional institution, or institution of higher education." RCW 9A.44.130 (10)(d).
[10] WAC 181-87-040 states:

As used in this chapter, the term "student" means the following:
(1) Any student who is under the supervision, direction, or control of the education practitioner.
(2) Any student enrolled in any school or school district served by the education practitioner.
(3) Any student enrolled in any school or school district while attending a school related activity at which the education practitioner is performing professional duties.
(4) Any former student who is under eighteen years of age and who has been under the supervision, direction, or control of the education practitioner. Former student, for the purpose of this section, includes but is not limited to drop outs, graduates, and students who transfer to other districts or schools.
[11] We refer to the language at issue as a phrase rather than a clause given its grammatical construction. See Webster's New Third International Dictionary 417, 1704 (2002).
[12] "In the past, [we] ha[ve] looked to legislative bill reports and analyses to discern the Legislature's intent." State v. Reding, 119 Wash.2d 685, 690, 835 P.2d 1019 (1992).
[13] The State relies on statements by unnamed persons before the House Criminal Justice/Corrections Committee on January 29, 2001, supporting the view that all sexual intercourse between students and school employees should be prohibited. These statements support the State's argument but they represent only the views of two unnamed persons when H.B. 1091 was introduced. The legislature's intent when S.B. 6151 was passed is not addressed. We generally do not "turn to the comments of a single legislator to establish legislative history," nor do we rely on the public's comments before the legislative committees. State v. Ramirez, 140 Wash. App. 278, 288 n. 7, 165 P.3d 61 (2007), review denied, 163 Wash.2d 1036, 187 P.3d 269 (2008); see Louisiana-Pacific Corp. v. Asarco Inc., 131 Wash.2d 587, 599, 934 P.2d 685 (1997) (testimony by house staff member does not inform legislative intent).
[14] We note that Hama Hama Co. v. Shorelines Hearings Bd., 85 Wash.2d 441, 451, 536 P.2d 157 (1975), states that "in the absence of any explanation for the changes, it is not a proper judicial function for us to speculate and attribute controlling meaning to an unexplained change that is just as likely to have occurred through happenstance." Our Supreme Court has distinguished Hama Hama Co. because there, the legislature passed a bill that was "replete with inconsistencies, errors and omissions. Thus the assumption of legislative awareness of successive drafts was negated." Komok, 113 Wash.2d at 816 n. 7, 783 P.2d 1061. In the instant case, nothing indicates that the legislature acted without full awareness of the bill's prior drafts.
[15] We note that the "under the age of eighteen" limitation was in several earlier drafts of the legislation, which did not pass into law. Thus, coupled with legislative acceptance of the governor's veto statement definition of student-victims as 16 and 17-year-olds, we conclude that the legislature removed the "under the age of eighteen" age limitation as mere surplusage. See 2 Laws of 2001, ch. 12, § 357.
[16] In situations where lawmakers pass legislation actually declaring the intent of earlier laws, "`[s]ubsequent legislation ... is not, of course, conclusive in determining what the previous Congress meant. But the later law is entitled to weight when it comes to the problem of construction.'" In re Pers. Restraint of Jones, 121 Wash.App. 859, 866, 88 P.3d 424 (2004) (quoting Fed. Hous. Admin. v. The Darlington, Inc., 358 U.S. 84, 90, 79 S.Ct. 141, 3 L.Ed.2d 132 (1958)).
[17] Accordingly, we need not resort to use of the rule of lenity. Stratton, 130 Wash.App. at 764-65, 124 P.3d 660.
[18] The Office of the Superintendent of Public Instruction responds to a teacher's sexual contact with students with severe sanctions, namely, revoking the teacher's teaching certificate.
[19] "[I]f a case can be decided on nonconstitutional grounds, an appellate court should decline to consider the constitutional issues." HJS Dev., Inc. v. Pierce County Dep't of Planning & Land Servs., 148 Wash.2d 451, 469 n. 74, 61 P.3d 1141 (2003). "A court will presume that a statute is constitutional and will make every presumption in favor of constitutionality where the statute's purpose is to promote safety and welfare, and the statute bears a reasonable and substantial relationship to that purpose." State v. Stevenson, 128 Wash.App. 179, 187, 114 P.3d 699 (2005) (quoting State v. Glas, 147 Wash.2d 410, 422, 54 P.3d 147 (2002)).

We further note that Division Three of this court held that RCW 9A.44.093(1)(b) passes constitutional muster and that the statute criminalizes sexual intercourse between school employees and students 18 and older. State v. Clinkenbeard, 130 Wash.App. 552, 560, 123 P.3d 872 (2005). Hirschfelder and WACDL argue that the constitutional discussion in Clinkenbeard is "merely thoughtful dicta in light of the reversal on other grounds." Br. of Appellant at 18 n. 10. WACDL states that "any discussion in Clinkenbeard of the constitutionality of RCW 9A.44.093(1)(b) was strictly dicta, since it was not necessary to reach the constitutional issues because the case was decided on the independent ground of sufficiency of the evidence." WACDL Amicus Br. at 13. We agree. Furthermore, Clinkenbeard's discussion of the age of the student-victim focuses on the reasonable protections afforded children, yet concludes that the legislature intended to criminalize sexual intercourse between school employees and all students, even those who are 18 and older. 130 Wash.App. at 564-65, 123 P.3d 872.