[No. 82744-3. En Banc.]
Argued May 11, 2010. Decided November 18, 2010.

THE STATE OF WASHINGTON, *Petitioner*, v. MATTHEW J.
HIRSCHFELDER, *Respondent*.

*H. Steward Menefee, Prosecuting Attorney,* and *Megan M. Valentine, Deputy,* for petitioner.

*Robert M. Morgan Hill* and *Samuel T. Menser* (of *Morgan Hill PC*), for petitioner.

*Harriet K. Strasberg* on behalf of Washington Education Association, amicus curiae.

540

*David Allen, Susan F. Wilk*, and *Ariella L. Wagonfeld* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

¶1 STEPHENS, J. — This case requires us to interpret the statutory language prohibiting sexual relations between a student and a school employee, former RCW 9A.44-.093(1)(b) (2005). At issue is whether, under the statute, the term "minor" includes students between the ages of 18 and 21, or just those under 18. Also at issue is whether the statute is unconstitutionally vague or violates the defendant's right to equal protection. We reverse the Court of Appeals and hold that the statute at issue criminalizes sexual misconduct between school employees and full time registered students 16 or older. We further hold that the statute is neither unconstitutionally vague nor violative of the defendant's equal protection rights.

FACTS AND PROCEDURAL HISTORY

¶2 Matthew Hirschfelder was employed as a choir teacher at Hoquiam High School. He had sexual intercourse in his office with a member of the high school choir, A.N.T., several days prior to her graduation in 2006. At the time, Hirschfelder was 33 and A.N.T. was 18. Hirschfelder was charged with sexual misconduct with a minor in the first degree under former RCW 9A.44.093(1)(b). That statute provided in relevant part:

> A person is guilty of sexual misconduct with a minor in the first degree when: . . . the person is a school employee who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with a registered student of the school who is at least sixteen years old and not married to the employee, if the employee is at least sixty months older than the student.

Former RCW 9A.44.093(1)(b).

¶3 Hirschfelder filed a motion to dismiss the charge pursuant to *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986), arguing that because the statute criminalized sexual intercourse with "minors," he committed no crime when he had sexual intercourse with an 18-year-old adult. Alternatively, he argued that the former statute was unconstitutionally vague and violated his right to equal protection. The trial judge denied the motion but certified the case for immediate review by the Court of Appeals. The Court of Appeals reversed, holding that the statute was ambiguous but that legislative history indicated that the legislature intended to criminalize only sexual misconduct between school employees and students aged 16 and 17. *State v. Hirschfelder*, 148 Wn. App. 328, 199 P.3d 1017 (2009).[1]

¶4 The State filed a motion for review, challenging the Court of Appeals decision and arguing that the statute criminalized sexual intercourse with any registered student who is at least 16 years old. We granted review. *State v. Hirschfelder*, 166 Wn.2d 1011 (2009). Amici Washington Education Association and Washington Association of Criminal Defense Lawyers (WACDL) filed briefs in support of Hirschfelder.

## ANALYSIS

### Statutory Interpretation

¶5 "The meaning of a statute is a question of law reviewed de novo." *Dep't of Ecology v. Campbell & Gwinn,*

---

[1] Following this decision, the legislature modified the former statute in 2009. Laws of 2009, ch. 324, § 1. It now provides:

A person is guilty of sexual misconduct with a minor in the first degree when: ... the person is a school employee who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with an enrolled student of the school who is at least sixteen years old *and not more than twenty-one years old* and not married to the employee, if the employee is at least sixty months older than the student.

RCW 9A.44.093(1)(b) (emphasis added).

*LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Former RCW 9A.44.093 provided:

> (1) A person is guilty of sexual misconduct with a minor in the first degree when: (a) The person has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with another person who is at least sixteen years old but less than eighteen years old and not married to the perpetrator, if the perpetrator is at least sixty months older than the victim, is in a significant relationship to the victim, and abuses a supervisory position within that relationship in order to engage in or cause another person under the age of eighteen to engage in sexual intercourse with the victim; (b) the person is a school employee who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with a registered student of the school who is at least sixteen years old and not married to the employee, if the employee is at least sixty months older than the student; or (c) the person is a foster parent who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse with his or her foster child who is at least sixteen.
>
> (2) Sexual misconduct with a minor in the first degree is a class C felony.
>
> (3) For the purposes of this section, "school employee" means an employee of a common school defined in RCW 28A.150.020, or a grade kindergarten through twelve employee of a private school under chapter 28A.195 RCW, who is not enrolled as a student of the common school or private school.

¶6 Hirschfelder argues that the former statute, entitled "[s]exual misconduct with a minor in the first degree," was not intended to criminalize sexual intercourse between school employees and registered students age 18 or older because of the statute's use of the term "minor." Alternatively, Hirschfelder argues that the term "minor" is ambiguous and that we should apply the rule of lenity to resolve the ambiguity in his favor. The Court of Appeals agreed with Hirschfelder, concluding "that for the purposes of RCW 9A.44.093(1)(b), the common and legal definitions of 'students' conflict with those of 'minor' because the two words refer to groups who may be of differing age ranges (between

18 and 21 and under 18, respectively)." *Hirschfelder*, 148 Wn. App. at 341. The Court of Appeals turned to the former statute's legislative history and concluded that the legislature intended that former RCW 9A.44.093(1)(b) criminalize only the behavior of school employees who have sexual intercourse with registered students who are 16 or 17 years old.

¶7 In any question of statutory construction, we look to ascertain the intention of the legislature by first examining a statute's plain meaning. *Campbell*, 146 Wn.2d at 9-10. " ' "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." ' " *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999) (quoting *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996))). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Campbell*, 146 Wn.2d at 9-10. "Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. . . . Statutory provisions and rules should be harmonized whenever possible." *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

¶8 Focusing as we must on the plain language of the statute, we conclude that former RCW 9A.44.093(1)(b) prohibits sexual relations between school employees and registered students. The word "minor" is self-defined by the specific descriptions of the victims in each of the alternative scenarios under the statute's subsections. Under the subsection at issue, a minor is a registered student of the school who is at least 16 years old. Former RCW 9A.44.093(1)(b). At the time of the incident with A.N.T, a registered student included an individual up to 21 years of age. Former RCW

28A.150.220(3) (1993); former RCW 28A.155.020 (1995).[2] Thus, "minor" as used in former RCW 9A.44.093(1)(b) includes registered students between the ages of 16 and 21. Reading "minor" as Hirschfelder urges—to exclude those students 18 or older—renders the words "registered student" in the statute meaningless.

¶9 Hirschfelder argues that "minor" as it is used in the provision at issue must exclude students 18 or older because a separate statute, RCW 26.28.010, provides that a person has reached the age of majority, and is therefore no longer a minor according to dictionary definition, at age 18 *unless otherwise specified by law*. Pet'r's Opening Br. at 6-7 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1439 (1976); RCW 26.28.010). This argument is unpersuasive. A registered student is a minor for the purposes of former RCW 9A.44.093(1)(b), and a registered student is specified by law to include persons up to the age of 21. By its terms, RCW 26.28.010's definition of "minor" does not apply to former RCW 9A.44.093(1)(b).

¶10 The dissent's sole reason for rejecting our plain reading of the statute rests on a separate provision not raised by the parties, RCW 9A.44.030(3)(d). Dissent at 553-54. This provision sets out a defense to a charge under former RCW 9A.44.093 if the defendant can show he reasonably believed "the victim was at least eighteen, or was less than sixty months younger than the defendant." RCW 9A.44.030(3)(d). This provision is not "determinative" of the proper interpretation of former RCW 9A.44.093(1)(b) as the dissent believes. Dissent at 553-54. First, the defense

---

[2] Former RCW 28A.150.220(3) reads in pertinent part:

Each school district's kindergarten through twelfth grade basic educational program shall be accessible to all students who are five years of age, as provided by RCW 28A.225.160, and less than twenty-one years of age.

Former RCW 28A.155.020 reads in pertinent part:

The superintendent of public instruction shall require each school district in the state to insure an appropriate educational opportunity for all children with disabilities between the ages of three and twenty-one, but when the twenty-first birthday occurs during the school year, the educational program may be continued until the end of that school year.

was not written to apply to the portion of former RCW 9A.44.093 at issue today. RCW 9A.44.030(3)(d) was enacted in 1988 in conjunction with former RCW 9A.44.093(1), which criminalized first degree sexual misconduct with a minor when the person has "sexual intercourse with another person who is at least sixteen years old but less than eighteen years old and not married to the perpetrator." *See* LAWS OF 1988, ch. 145, §§ 8 (codified as former RCW 9A.44.093(1)), 20 (codified as RCW 9A.44.030(3)(d)). Accordingly, these companion provisions must be read together.

¶11 However, former RCW 9A.44.093 was subsequently amended in 2001 and the language at issue in this case was added as a new subsection, former RCW 9A.44.093(1)(b), resulting in the renumbering of the 1988 provision as subsection (1)(a). *Compare* LAWS OF 1988, ch. 145, § 8 (codified as former RCW 9A.44.093(1)), *with* LAWS OF 2001, 2d Spec. Sess., ch. 12, § 357 (codified as former RCW 9A.44-.093(1)(a), (b)). The two subsections contain starkly contrasting language, with (1)(a) indicating a maximum age of 17 years old for a victim but (1)(b) including all "registered students" who are at least 16 years old among the class of victims when the perpetrator is a school employee. Notably, RCW 9A.44.030(3)(d) was not amended in 2001, and indeed it has not been amended since 1988. Therefore, it tells us nothing about the meaning of the subsequent provision in former RCW 9A.44.093(1)(b). *See Hallauer v. Spectrum Props., Inc.*, 143 Wn.2d 126, 146, 18 P.3d 540 (2001) (noting that a plain reading of a statute must "consider the sequence of all statutes relating to the same subject matter").[3]

¶12 At most, even if the dissent were correct that the defense offered by RCW 9A.44.030(3)(d) should be read

---

[3] We are also mindful of the fact that the defense provision was not altered when the legislature amended former RCW 9A.44.093(1)(b) in 2009 to more specifically criminalize sex with a student over the age of 18. The dissent does not suggest that RCW 9A.44.030(3)(d) is determinative of the meaning of current RCW 9A.44-.093(1)(b) and somehow sets an upper age of 18 years old for the victim.

broadly to apply to the provision at issue today, we would conclude that the two statutes conflict. When "statutes irreconcilably conflict, the more specific statute will prevail, unless there is legislative intent that the more general statute controls." *Hallauer*, 143 Wn.2d at 146. There being no legislative intent to the contrary before us, we would allow the more specific statute here to prevail, former RCW 9A.44.093(1)(b). It is also the more recent statute as compared to RCW 9A.44.030. *Hallauer*, 143 Wn.2d at 146. Regardless of whether the statutes conflict—an issue that is not before us today—the existence of RCW 9A.44-.030(3)(d) does not change the plain, unambiguous meaning of former RCW 9A.44.093(1)(b).

¶13 Hirschfelder, however, argues that former RCW 9A.44.093(1)(b) is ambiguous, and that the rule of lenity should resolve this case in his favor. We do not agree that the statute at issue is ambiguous, reasoning as we do that the word "minor" in the context of the statute plainly includes registered students age 16 to 21. Even if we were to agree that the statute is ambiguous, we would not be forced to turn to the rule of lenity. "If a statute is ambiguous, the rule of lenity requires us to interpret the statute in favor of the defendant *absent legislative intent to the contrary.*" *State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005) (emphasis added). Here, there is legislative intent to the contrary. When RCW 9A.44.093(1)(b) was first introduced as House Bill 1091, it prohibited sex between a school employee and a student 16 or 17 years old. H.B. 1091, at 2, 57th Leg., Reg. Sess. (Wash. 2001). A substitute bill removed the "under the age of 18" requirement. Substitute H.B. 1091, at 1, 57th Leg., Reg. Sess. (Wash. 2001). A legislative report explained that "[t]he substitute bill eliminates the requirement that the student be under the age of 18, thus covering registered students over the age of 18 who are completing independent education plans." H.B. Rep. on H.B. 1091, at 2, 57th Leg., Reg. Sess. (Wash. 2001). The bill, as eventually passed by the legislature, contained no requirement that the student victim be under 18. Laws of 2001, 2d Spec. Sess.,

ch. 12, § 357. Legislative history therefore suggests the legislature intended to criminalize sex with any registered student age 16 or older.

¶14 Hirschfelder argues that the report's statement and the bill's versions are rendered insignificant by other pieces of legislative history. He points first to a veto message written by Governor Gary Locke regarding House Bill 1091, in which Governor Locke noted that the proposed bill language would apply to "sexual conduct with a student between 16 and 18 years old." 2 LEGISLATIVE DIGEST AND HISTORY OF BILLS, 57th Leg., at 34 (2d ed., Wash. 2001). The governor went on to veto the bill as too broad in that it lacked an age differential between the victim and perpetrator; a subsequent version of the bill, passed into law, required a 60-month age difference between the victim and the perpetrator. *Id.*; *compare* SUBSTITUTE H.B. 1091, *with* LAWS OF 2001, 2d Spec. Sess., ch. 12, § 357. Hirschfelder suggests that because the bill, as enacted into law, did not challenge the governor's interpretation by specifying an upper age limit, we should assume the legislature agreed that the law applied only to students between 16 and 18 years old. Pet'r's Opening Br. at 10-12.[4] Hirschfelder also offers legislative history surrounding an amendment to the law in question, which introduced an unrelated provision and characterized the provision at issue here as criminalizing sex with students between 16 and 17 years old. Pet'r's Opening Br. at 14-15 (citing H.B. REP. on SUBSTITUTE H.B. 5309).

¶15 Persuaded by these pieces of legislative history, the Court of Appeals concluded that the legislature's removal of the upper age limit from the bill as enacted into law was "mere surplusage." *Hirschfelder*, 148 Wn. App. at 349 n.15. We do not agree, nor are we persuaded that the legislative history is inconclusive, much less favorable to the defen-

---

[4] We note that if we adopted the interpretation of the law that Hirschfelder claims is set forth in the governor's veto message, it would do Hirschfelder little good, as this interpretation includes in its scope students who *are* 18 at the time of the incident, as A.N.T. was here.

dant's position, as Hirschfelder suggests. An explicit statement that the legislature intended the law to apply to any registered student over the age of 16 stands unchallenged in the legislative history. It is coupled with the affirmative deletion of an upper age limit in subsequent versions of the bill enacted into law, as highlighted by the contrasting language between subsections (1)(a) and (1)(b). In the face of this, the governor's veto message and statements interpreting the law made during unrelated amendments have little bearing on the question before us.

¶16 Hirschfelder argues finally that the statute is ambiguous because a separate clause of former subsection (1)(b) makes it a crime to knowingly cause "another person under the age of eighteen" to have sexual contact with a registered student of the school. Former RCW 9A.44.093(1)(b). The significance of this provision is that a school employee could knowingly cause a registered student to have sexual relations with an individual age 18 or older and not be guilty of a crime. We agree that this provision appears to leave a gap in the statute's purview, but it does not render the statute ambiguous as to the victim's status. Under either alternative in the statute, the victim is a registered student—anyone between 16 and 21 years of age. Moreover, Hirschfelder is not accused of violating the clause he challenges as ambiguous, and the statute, as it applies to him, does not implicate this provision.

¶17 In the end, a commonsense reading of former RCW 9A.44.093(1)(b) must prevail. We hold that the former statute's plain language unambiguously defines minor as a registered student and thus includes students up to the age of 21. Because the statute is unambiguous, we need not resort to interpretive tools such as legislative history, but nevertheless note that the history supports our plain reading. We also stress that the result here is by no means novel. Several of our sexual misconduct laws focus on the special relationship between a perpetrator and a victim, even where the victim is over 18 or even 21. For example, we criminalize sex with vulnerable adults or adults over whom

the perpetrator has supervisory authority, RCW 9A.44.050, and sex between employees of custodial institutions and those in custody. RCW 9A.44.160. That the legislature saw fit to criminalize sex between school employees and high school students—even those who reach the age of majority while registered as students—is a policy choice that recognizes the special position of trust and authority teachers hold over their students.

### *Constitutionality*

¶18 Hirschfelder also challenges former RCW 9A.44.093 on constitutional grounds. He claims the statute is vague and that it violates his equal protection rights. *See* Suppl. Br. of Resp't at 1-3. The Court of Appeals did not reach these arguments because it concluded the statute did not criminalize Hirschfelder's behavior. Because we conclude differently from the Court of Appeals, we must consider his constitutional challenge.

¶19 "A statute is void for vagueness if persons of common intelligence must necessarily guess at its meaning and differ as to its application." *State v. Glas*, 147 Wn.2d 410, 421, 54 P.3d 147 (2002). Statutes are required to "define prohibited conduct with sufficient specificity to put citizens on notice of what conduct they must avoid, and the need to prevent arbitrary and discriminatory law enforcement." *City of Tacoma v. Luvene*, 118 Wn.2d 826, 844, 827 P.2d 1374 (1992). Here, former RCW 9A.44.093(1)(b) provided the public with adequate notice of the prohibited conduct, enumerating the elements of the crime, including the class of defendant (school employees), the class of victim (registered students), and the prohibited conduct (sexual intercourse). We hold that that statute is not vague.

¶20 Hirschfelder next argues that the former statute is discriminatory. The former statute defines a "school employee" as an employee of a public or private kindergarten through 12 (K-12) institution. Former RCW 9A.44.093(3) (citing RCW 28A.150.020; ch. 28A.195 RCW). Hirschfelder

argues that the statute therefore does not apply to non-K-12 employees who interact with registered students through programs like Running Start, such as community college employees. *See* Statement of Additional Grounds for Review 1-2. This argument may generously be considered as an equal protection claim.

¶21 Equal protection under the law is guaranteed by both the Fourteenth Amendment to the United States Constitution and article I, section 12 of the Washington Constitution.[5] The aim of equal protection is "securing equality of treatment by prohibiting undue favor" or "hostile discrimination." *Andersen v. King County*, 158 Wn.2d 1, 15, 138 P.3d 963 (2006). The appropriate level of scrutiny in equal protection claims depends upon the nature of the classification or rights involved. *Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 608, 192 P.3d 306 (2008). Suspect classifications, such as race, alienage, and national origin, are subject to strict scrutiny. *Id.* at 608-09. "Strict scrutiny also applies to laws burdening fundamental rights or liberties." *Id.* at 609. "Intermediate scrutiny applies only ' "if the statute implicates both an important right and a semi-suspect class not accountable for its status." ' " *Id.* (quoting *Madison v. State*, 161 Wn.2d 85, 103, 163 P.3d 757 (2007) (quoting *In re Pers. Restraint of Runyan*, 121 Wn.2d 432, 448, 853 P.2d 424 (1993))). Absent a fundamental right or suspect class, or an important right or semisuspect class, a law will receive rational basis review. *Id.*

¶22 Understandably, Hirschfelder does not claim that K-12 school employees have a fundamental or important right to sexual relations with registered students. Nor does he contend that school employees constitute a suspect or semisuspect class. Thus, we apply rational

---

[5] The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws," and article I, section 12 of the Washington Constitution provides that "[n]o law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

basis review to his claim that former RCW 9A.44.093(1)(b) discriminates against employees of K-12 schools because the law does not prohibit employees in non-K-12 educational settings from having sexual contact with students. *See* Statement of Additional Grounds for Review at 2. "A classification passes rational basis review ' "so long as it bears a rational relation to some legitimate end." ' " *Am. Legion*, 164 Wn.2d at 609 (quoting *Andersen*, 158 Wn.2d at 23) (quoting *Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996))). "Social and economic legislation that does not implicate a suspect class or fundamental right is presumed to be rational; this presumption may be overcome by a clear showing that the law is arbitrary and irrational." *Id.* " 'A legislative distinction will withstand a minimum scrutiny analysis if, first, all members of the class are treated alike; second, there is a rational basis for treating differently those within and without the class; and third, the classification is rationally related to the purpose of the legislation.' " *Id.* (quoting *O'Hartigan v. Dep't of Pers.*, 118 Wn.2d 111, 122, 821 P.2d 44 (1991)).

¶23 Our Court of Appeals has had occasion to consider the former statute at issue in light of the first and third of these requirements.

> Here, the pertinent class is public school employees. There is nothing else in the text of [former] RCW 9A.44.093(1)(b) that distinguishes among the public school employees that are covered by the statute. The statute singles out public school employees because they have unique access to children, often in an unsupervised context, and can use that access to groom or coerce children or young adults into exploitive or abusive conduct. Given the important goals of providing a safe school environment for children and preventing the sexual exploitation of children, this distinction has a basis that is rationally related to those important and compelling government purposes.

*State v. Clinkenbeard*, 130 Wn. App. 552, 567, 123 P.3d 872 (2005). We agree with the Court of Appeals' reasoning in this regard.

■■ ¶24 Hirschfelder's argument, however, seems to focus on the second requirement for rational basis: that there be a rational basis for treating differently those within and without the class. But "[i]n order to defeat the legislation, the defendant must show, beyond a reasonable doubt, that no state of facts exists or can be conceived sufficient to justify the challenged classification, or that the facts have so far changed as to render the classification arbitrary and obsolete." *State v. Smith*, 93 Wn.2d 329, 337, 610 P.2d 869 (1980). Hirschfelder has not carried this burden, and we decline to find that former RCW 9A.44.093(1)(b) violates his right to equal protection.[6]

■ ¶25 Finally, amicus WACDL asserts that the former statute violates Hirschfelder's right to privacy under article I, section 7 of the Washington Constitution.[7] WACDL argues that former RCW 9A.44.093(1)(b) violates the privacy rights of school employees by excusing the State from proving coercion or absence of consent when charging school employees under the former statute. WACDL Amicus Curiae Br. at 2. If this were true, the revised statute would also be unconstitutional, as would any sex crime where consent is not a defense. *See, e.g.*, RCW 9A.44.160(2) (consent not a defense to custodial sexual misconduct in the first degree). Hirschfelder did not advance this view below, which necessarily calls into question the validity of all status-based sexual misconduct statutes. We need not address issues raised only by amici and decline to do so here. *State v. Gonzalez*, 110 Wn.2d 738, 752 n.2, 757 P.2d 925 (1988) (courts need not reach issues raised only by amici).

---

[6] Moreover, it is not clear whether non-K-12 employees are in fact treated differently. RCW 28A.150.020 defines "common schools" as "schools maintained at public expense in each school district and carrying on a program from kindergarten through the twelfth grade or *any part thereof*." (Emphasis added.) Running Start and other similar programs arguably fall under the "any part thereof" language of the statute.

[7] Article I, section 7 of the Washington Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."

*Costs*

¶26 Hirschfelder asks for "costs . . . as allowed pursuant to RAP 14 and applicable case law." Pet'r's Opening Br. at 26. Under RAP 14.2, the party that substantially prevails on review is entitled to costs. Because Hirschfelder has not substantially prevailed before us, we deny his request.

## CONCLUSION

¶27 We hold that former RCW 9A.44.093(1)(b) criminalized sexual intercourse between a school employee and any registered student age 16 or older. We also hold that the statute is constitutional. We reverse the Court of Appeals and remand to the trial court for proceedings consistent with this opinion.

MADSEN, C.J., and ALEXANDER, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶28 C. JOHNSON, J. (dissenting) — The majority analyzes one statutory subsection and fails to apply the determinative statutory provision. Perhaps more disturbing are the reasons why the majority does not apply other, determinative statutory subsections. The majority's conclusion is inconsistent with the statutory scheme, taken as a whole, and does not ultimately make sense.

¶29 In this case, the issue centers on chapter 9A.44 RCW. Under that chapter, the legislature has expressly indicated what conduct is being criminalized. More specifically, the legislature has provided expressly what conduct is not criminal. RCW 9A.44.030, entitled "**Defenses to prosecution under this chapter**," provides an affirmative defense to persons charged under former RCW 9A.44.093(1)(b) (2005):

> (2) . . . it is a defense which the defendant must prove by a preponderance of the evidence that at the time of the offense

the defendant reasonably believed the alleged victim to be the age identified in subsection (3) of this section based upon declarations as to age by the alleged victim.

(3) The defense afforded by subsection (2) of this section requires that for the following defendants, the reasonable belief be as indicated:

. . . .

(d) *For a defendant charged with sexual misconduct with a minor in the first degree, that the victim was at least eighteen,* or was less than sixty months younger than the defendant.

RCW 9A.44.030 (emphasis added). The legislature expressly provides that a person charged with sexual misconduct with a minor may defend that charge by establishing that the "minor" was an adult, i.e., at least 18 years old. The defendant has done so in this case where the "victim" was 18 years old at the time of the incident.

¶30 The majority's explanation for ignoring RCW 9A.44-.030(3)(d) is both unpersuasive in form and imprecise in application.

¶31 The majority disregards the affirmative defense expressly provided in RCW 9A.44.030(3) by noting that a different statute, RCW 9A.44.093, was amended in 2001. Regardless of how the majority substantiates its result, the majority fails to respect the plain language of RCW 9A.44.030(2), which states that the affirmative defense will apply to *"any prosecution under this chapter* in which the offense or degree of the offense depends on the victim's age." (Emphasis added.) RCW 9A.44.030(3)(d) is equally clear and applies when "a defendant [is] charged with sexual misconduct with a minor in the first degree." Since the legislature did not qualify the statutory language creating the affirmative defense, this court must apply the clear directive of RCW 9A.44.030(3)(d).

¶32 As additional support, the majority also applies a general rule of statutory interpretation, "When 'statutes irreconcilably conflict, the more specific statute will prevail . . . .' " Majority at 546 (quoting *Hallauer v. Spectrum*

*Props., Inc.*, 143 Wn.2d 126, 146, 18 P.3d 540 (2001)). But the majority's analysis is flawed for several reasons. First, the majority states just half of the rule of interpretation regarding statutes relating to the same subject matter. Before looking to the "more specific statute," both statutes " 'are to be read together as constituting a unified whole . . . which maintains the integrity of the respective statutes.' " *Hallauer*, 143 Wn.2d at 146 (quoting *State v. Wright*, 84 Wn.2d 645, 650, 529 P.2d 453 (1974) and citing *Wark v. Nat'l Guard*, 87 Wn.2d 864, 867, 557 P.2d 844 (1976); *Pearce v. G.R. Kirk Co.*, 22 Wn. App. 323, 327, 589 P.2d 302 (1979)). In this case, former RCW 9A.44.093(1)(b) provides the substantive crime and RCW 9A.44.030(3)(d) provides an affirmative defense to that crime. The former statute establishes the prosecution's claim, and the latter permits a defendant's assertion of facts that, if proved, will defeat the prosecutor's claim. Since both statutes are in harmonious agreement, we should not abrogate the application of one statute simply to facilitate an interpretation of another.

¶33 Second, the majority appears to disregard the fact that a statutory interpretation limiting an *affirmative defense* is significantly different from a statutory interpretation limiting the *reach of a criminal statute*; an application that is more consistent with the general rule of interpretation that the majority relies upon. Tellingly, the majority does not cite to a single case in this state supporting the proposition that a statute providing an affirmative defense to a substantive crime " 'irreconcilably conflict[s]' " with the statute establishing the underlying crime. Majority at 546 (quoting *Hallauer*, 143 Wn.2d at 146). The majority fails to cite such precedent because no such precedent exists.

¶34 In sum, the majority's application of former RCW 9A.44.093(1)(b) rewrites a bright-line rule. We should not use the statute to criminalize conduct between two consenting adults where the legislature has expressly provided otherwise. We should hold that the former statute did not criminalize sexual intercourse between a school employee and an 18-year-old adult student. We should affirm the

Court of Appeals and remand to the trial court for dismissal. Because the majority conspicuously fails to apply RCW 9A.44.030(3)(d), I respectfully dissent.

SANDERS, CHAMBERS, and OWENS, JJ., concur with C. JOHNSON, J.

Reconsideration denied February 14, 2011.