# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | Consolidated Nos. 44639-1-II |
| Respondent, | 45366-5-II |
| v. | |
| | UNPUBLISHED OPINION |
| JOSEPH EMMANUEL ROWLEY, III, | |
| Appellant. | |

MAXA, J. — In a consolidated appeal and personal restraint petition (PRP), Joseph Rowley challenges his convictions following his guilty plea for rape of a child in the second degree and unlawful delivery of a controlled substance (methamphetamine) to a minor. He claims that the offender score referenced in his guilty plea and used for sentencing was miscalculated, and argues that (1) he can challenge his offender score for the first time on appeal, (2) the trial court sentenced him using an incorrect offender score, and (3) his guilty plea was involuntary because it was based on a miscalculation of his offender score. Rowley also asserts in a statement of additional grounds (SAG) that his attorney engaged in misconduct and again that his offender score was incorrect. In addition, he raises several issues in his PRP.

We hold that Rowley can challenge his offender score for the first time on appeal, but that it was not miscalculated and therefore that his guilty plea was voluntarily entered. We also hold that Rowley's SAG assertions are meritless and that his PRP should be denied. Accordingly, we affirm Rowley's convictions and sentence and deny his PRP.

FACTS

The State charged Rowley with two counts of first degree rape of a child, two counts of second degree rape of a child, two counts of third degree rape of a child, one count of unlawful delivery of a controlled substance to a minor, one count of possessing an explosive device, two counts of sexual exploitation of a minor, two counts of possessing depictions of a minor engaged in sexually explicit conduct, one count of tampering with a witness, and one count of attempted violation of a protection order. After plea negotiations, the State agreed to drop all but two charges in exchange for Rowley's guilty plea.

In January 2013, Rowley pled guilty to one count of second degree rape of a child and unlawful delivery of a controlled substance (methamphetamine) to a minor. He signed a written plea statement, and acknowledged to the trial court that he understood the consequences of the plea and was entering the plea freely and voluntarily.

The plea agreement stated an offender score of two for each of Rowley's charged offenses. Rowley did not object to those offender scores. In February 2013, the trial court sentenced Rowley to standard range sentences of 123 months to life for second degree rape of a child and 68 months concurrent for unlawful delivery of a controlled substance to a minor. Rowley appealed.

In July 2013, Rowley filed with the trial court a CrR 7.8 motion to modify or correct the judgment entered against him. The trial court transferred the motion to this court to be considered as a PRP. We consolidated Rowley's direct appeal and PRP.

ANALYSIS

A.   ABILITY TO CHALLENGE GUILTY PLEA

Rowley contends that he may challenge his guilty plea for the first time on appeal. The State concedes this point, and we accept the State's concession.

A defendant's alleged misunderstanding of the sentencing consequences of pleading guilty is a manifest error affecting a constitutional right under RAP 2.5(a)(3), and a defendant may raise this issue for the first time on appeal. *State v. Mendoza*, 157 Wn.2d 582, 589, 141 P.3d 49 (2006). Therefore, we agree that Rowley may raise this issue in this appeal.

B.   CALCULATING OFFENDER SCORE

Rowley argues that each of his current offenses should have counted as one point on his offender score because his conviction for unlawful delivery of methamphetamine to a minor involved a nonviolent offense. Because Rowley's plea agreement listed two points for each offense, he argues that the trial court exceeded its statutory authority when it sentenced him using an incorrect offender score. We disagree that Rowley's unlawful delivery conviction was a nonviolent offense and hold that his offender score was correct.

Whether Rowley's offender score was correct involves an interpretation of various provisions of the Sentencing Reform Act (SRA), chapter 9.94A RCW, but primarily RCW 9.94A.525(7)-(8). Construction of a statute is a question of law that we review de novo. *State v. Hirschfelder*, 170 Wn.2d 536, 541-42, 242 P.3d 876 (2010). Our objective in interpreting a statute is to discern and implement the legislature's intent. *Id.* at 543. If the statute's meaning is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. *Id.* We discern plain meaning from the ordinary meaning of the statutory language, the context

3

of the statute where that provision is found, related statutory provisions, and the statutory scheme as a whole. *Id.*

RCW 9.94A.525 governs the calculation of a defendant's offender score. Under RCW 9.94A.525(7), if the present offense is a "nonviolent offense," each prior adult felony conviction counts as one point. Under RCW 9.94A.525(8), if the present offense is a "violent offense," each prior adult violent felony conviction counts as two points and each prior adult nonviolent felony conviction counts as one point. RCW 9.94A.030(54)(a)(i) defines "violent offense" to include "any felony defined under any law as a class A felony or an attempt to commit a class A felony." RCW 9.94A.030(33) defines a "nonviolent offense" as "an offense which is not a violent offense."

Under the SRA, a current offense is deemed a prior offense for sentencing on another current offense. RCW 9.94A.589(1)(a). Therefore, Rowley's conviction of unlawful delivery of a controlled substance to a minor counted as a prior offense for his second degree rape of a child conviction, and vice versa.

Rowley argues that unlawful delivery of methamphetamine to a minor is a nonviolent offense. Therefore, he claims that under RCW 9.94A.525(7) his second degree rape of a child conviction should count as only one point for purposes of the unlawful delivery conviction, and under RCW 9.94A.525(8) the unlawful delivery conviction should count as only one point for purposes of the second degree rape conviction. But unlawful delivery of methamphetamine to a minor is a class A felony. RCW 69.50.406(1). As a result, under RCW 9.94A.030(54)(a)(i)'s definition of a "violent offense," Rowley's conviction for unlawful delivery of a methamphetamine to a minor was a violent offense. And second degree rape of a child also is a

4

class A felony and therefore a violent offense. Under RCW 9.94A.525(8), a prior violent offense counts as two points on the offender score for another violent offense.

Because all class A felonies are deemed violent offenses, and Rowley pled guilty to two class A felonies, we hold that the trial court was correct in counting two points on his offender score for each conviction. Accordingly, we hold that the trial court did not err in sentencing Rowley.

C.    INVOLUNTARY GUILTY PLEA

Rowley argues that his guilty plea was involuntary because he was misinformed about a major and direct consequence of his guilty plea – his offender scores. Misinformation about the length of a sentence renders a guilty plea involuntary. *In re Pers. Restraint of Bradley*, 165 Wn.2d 934, 939, 205 P.3d 123 (2009).

But the only basis for Rowley's argument is his claim that his offender scores were miscalculated. Because we hold that the trial court did not miscalculate Rowley's offender score, Rowley was not misinformed about his sentence. Therefore, we reject this argument and hold that Rowley's plea was voluntary.

D.    STATEMENT OF ADDITIONAL GROUNDS

Rowley's SAG asserts that his counsel engaged in misconduct, claiming that counsel (1) committed a crime by participating in a course of conduct that resulted in Rowley receiving additional charges; (2) failed to gather evidence or witnesses on his behalf; (3) erred by "refuseing [sic] to follow motions on the docket in open court. And refus[ing] to get evidence which subpoenas were granted in open court"; and (4) failed to follow the Rules of Professional Conduct (RPC). SAG at 1. In addition, Rowley again asserts that the trial court erred by

accepting his guilty plea based on a miscalculation of his offender score. We hold that none of Rowley's SAG contentions have merit.

A defendant may file a SAG under RAP 10.10, subject to certain limitations:

(1) We consider an issue in a SAG only where it adequately informs us of the nature and occurrence of alleged errors. RAP 10.10(c); *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

(2) We consider only arguments that we did not already adequately address as raised by the defendant's appellate counsel. *State v. Thompson*, 169 Wn. App. 436, 493, 290 P.3d 996 (2012), *review denied*, 176 Wn.2d 1023 (2013).

(3) Issues involving facts outside of the record are properly raised in a PRP, not in a SAG. *Alvarado*, 164 Wn.2d at 569.

(4) We are "not obligated to search the record in support of claims made in the [SAG]." RAP 10.10(c); *Thompson*, 169 Wn. App. at 493.

Rowley's first three claims regarding counsel misconduct depend on matters outside the record before us. As a result, we cannot consider them in this direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). They are more properly raised in a PRP. *Id.*

We also do not address Rowley's contention that his attorney violated the RPCs, because he does not direct us to any part of the record to support his claims. Moreover, an appellate court generally is not the appropriate forum to raise a violation of the RPCs. Because we need not search Rowley's trial court record to determine a violation of the RPCs, we need not address this contention further.

Finally, with regard to Rowley's last SAG assertion, Rowley's appellate counsel already addressed the issue of whether the trial court correctly imposed a sentence based on the allocation of two points for each of Rowley's offenses. We therefore need not separately address Rowley's argument on this issue. *See Thompson*, 169 Wn. App. at 493.

E.     PERSONAL RESTRAINT PETITION

Rowley's PRP seems to contend that (1) the trial court violated his right to conduct discovery when he chose to proceed pro se during a month and a half of pretrial proceedings; (2) the trial court violated his constitutional rights by incarcerating him without sufficient evidence; (3) the trial court violated his constitutional rights by incorrectly crediting him for time served; and (4) his counsel provided ineffective assistance by (a) failing to collect evidence for his case, (b) failing to facilitate Rowley's ability to view the prosecution's evidence, (c) collaborating with the prosecution to add additional charges to the State's current information, (d) violating the RPCs, and (e) failing to warn Rowley to not speak with the victim of Rowley's offenses. Because Rowley offers no evidence to support any of these allegations and the record does not support them, we deny Rowley's PRP.

1.     Legal Principles

A personal restraint petitioner must provide "[a] statement of ... the facts upon which the claim . . . is based and the evidence available to support the factual allegations." RAP 16.7(a)(2). Accordingly, a "petitioner must state with particularity facts which, if proven, would entitle him to relief" – "[b]ald assertions" and "conclusory allegations" are not enough. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).

7

Further, a "petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." *Id.* Claims as to what other persons would say must be supported by "their affidavits or other corroborative evidence" consisting of competent and admissible evidence. *Id.* The petitioner cannot satisfy this evidentiary requirement with inadmissible hearsay or the petitioner's own speculation and conjecture. *Id.*

Moreover, we will not consider the merits of claimed constitutional error unless the petitioner demonstrates actual prejudice. *Id.* at 884. We will not consider the merits of claimed nonconstitutional error unless the petitioner establishes "that the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990).

2. Deficient PRP

Rowley fails to state with factual particularity any claims that would, if proven, entitle him to relief. He does not explain how he was barred from conducting discovery, how he ended up being jailed when the prosecution did not have sufficient evidence, or how his time served was incorrectly credited when he was sentenced. Moreover, Rowley does not provide us with any reliable evidence to support his asserted errors. Aside from Rowley's own bald contentions, he simply fails to submit any evidence – i.e., a witness's affidavit or a certified document – to support his claims.

Similarly, Rowley fails to provide us with any reliable evidence to support his many assertions of his trial counsel's ineffective assistance. He fails to provide us with specific facts regarding the relevance of certain evidence, whether his attorney even knew of such evidence, or how such evidence would have overcome the evidence of his guilt. Rowley fails to provide us

8

with evidence of his trial counsel's alleged collaboration with the prosecution. And there was no evidence submitted to support the remainder of Rowley's claims. Therefore, aside from Rowley's bare allegations, there is no reliable evidence to support his contentions that his trial counsel's representation was ineffective.

Because Rowley failed to support his arguments with evidence and failed to demonstrate prejudice, we deny Rowley's PRP.

We affirm Rowley's convictions and sentence, and deny his PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

BJORGEN, A.C.J.

MELNICK, J.