# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54786-4-II |
| Respondent, | |
| v. | |
| E.C.V., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — E.C.V., a juvenile, appeals the mandatory year-long revocation of his driver's license in a deferred disposition order finding him guilty of felony attempt to elude a pursuing police vehicle. E.C.V. argues that the mandatory revocation violates equal protection because juveniles with firearm, alcohol, or drug offenses are not subject to a mandatory license revocation for a first offense and the juvenile court maintains discretion to reinstate the juvenile's driving privileges. We affirm E.C.V.'s driver's license revocation because the legislature has a rational basis for imposing mandatory license revocation for juveniles found guilty of attempting to elude a pursuing police vehicle.

## FACTS

On April 17, 2020, the State charged E.C.V. with attempting to elude a pursuing police vehicle. On June 23, the juvenile court entered a deferred disposition for E.C.V. On June 30, the juvenile court found E.C.V. guilty of attempting to elude a pursuing police vehicle and entered a 6 month deferred disposition order. As a condition of the deferred disposition, the clerk of the court was ordered to notify the Department of Licensing of E.C.V.'s offense, triggering a

mandatory license revocation under RCW 46.61.024 and RCW 46.20.285. The juvenile court agreed to stay execution of the sentence related to E.C.V.'s driving privilege pending appeal.

E.C.V. appeals the mandatory revocation of his driver's license.

ANALYSIS

E.C.V. argues that the mandatory revocation of his driver's license based on having committed attempting to elude violates equal protection. Specifically, E.C.V. argues "it violates equal protection for a juvenile who enters into a deferred disposition for a felony involving a motor vehicle to have his license mandatorily revoked for one year while juveniles with firearm, alcohol and drug violations, do not have their licenses revoked for a first offense, and may have their license reinstated at the discretion of the juvenile court." Br. of Appellant at 4. We disagree.

A.    LEGAL PRINCIPLES

RCW 46.61.024 defines attempting to elude a pursuing police vehicle. Further, under RCW 46.61.024(3):

> The license or permit to drive or any nonresident driving privilege of a person convicted of a violation of this section shall be revoked by the department of licensing.

A one year revocation is mandatory for attempting to elude because attempting to elude uses a motor vehicle in the commission of the offense. RCW 46.20.285(4). The juvenile court is required to immediately notify the Department of Licensing of a juvenile's conviction for attempting to elude. *See* RCW 46.20.270(1).

In contrast, a juvenile also will have driving privileges revoked for a firearm, alcohol, and drug offense, but the juvenile court maintains discretion to reinstate the juvenile's driving privileges. *See* RCW 46.20.265; RCW 13.40.265(2), (3). Further, the juvenile court is not

required to notify the Department of Licensing of a juvenile's first firearm, alcohol, or drug offense. RCW 13.40.265(1).

Under both the state and federal constitutions, persons similarly situated with respect to the legitimate purpose of the law must receive like treatment. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 12. We review the legislative classification for a rational basis when the classification does not involve a suspect class or threaten a fundamental right. *State v. Hirschfelder*, 170 Wn.2d 536, 550, 242 P.3d 876 (2010).

E.C.V. agrees that his equal protection challenge should be subject to a rational basis review. Rational basis is a highly deferential standard, and we will uphold a statute under this standard unless it is wholly irrelevant to the achievement of legitimate State objectives. *In re Det. of Stout*, 159 Wn.2d 357, 375, 150 P.3d 86 (2007). For a legislative distinction to survive rational basis review (1) all members of the class must be treated alike, (2) there is a rational basis for treating members of the class differently than those outside the class, and (3) the classification is rationally related to the purpose of the legislation. *Hirschfelder*, 170 Wn.2d at 551. "'[I]n order to defeat the legislation, the defendant must show, beyond a reasonable doubt, that no state of facts exists or can be conceived sufficient to justify the challenged classification, or that the facts have so far changed as to render the classification arbitrary and obsolete.'" *Id.* at 552 (quoting *State v. Smith*, 93 Wn.2d 329, 337, 610 P.2d 869, *cert. denied*, 449 U.S. 873 (1980)).

B.     NO EQUAL PROTECTION VIOLATION

E.C.V. contends that the statutes create two classes of juveniles—those whose driver's licenses are automatically revoked for attempting to elude a pursuing police vehicle and those who commit a firearm, drug, or alcohol offense but do not have their licenses automatically revoked because it is the first offense or because the juvenile court has the discretion to order reinstatement

of driving privileges. RCW 13.40.265(1); RCW 46.20.265; RCW 46.20.285. Distinguishing between juveniles based on the type of crime committed is not a suspect classification. *See State v. Schaaf*, 109 Wn.2d 1, 19, 743 P.2d 240 (1987).

Here, all members of the class are treated alike—all juveniles who commit attempting to elude a pursuing police vehicle are subject to mandatory license revocation. And the State has a legitimate interest in ensuring the safety of people operating motor vehicles on public roadways.

However, E.C.V. argues that the purpose of both statutes is to ensure safety because juveniles who have committed offenses involving firearms, drugs, or alcohol also pose a risk to public safety. Therefore, E.C.V. contends that treating the two classes of juveniles differently bears no rational relationship to the purpose of the legislation.

Mandatory license revocation for felonies using a motor vehicle is rationally related to the legitimate government interest of ensuring the safety of people operating motor vehicles on public highways because the motor vehicle was directly used in the commission of the crime, while other crimes involving drugs, alcohol, and firearms may not involve motor vehicles or driving at all. In other words, juveniles who commit firearm, drug, or alcohol offenses *may* pose a *risk* to the safety of those operating motor vehicles, but juveniles who attempt to elude a pursuing police vehicle have actually demonstrated dangerous or unlawful operation of a motor vehicle.[1] *See* RCW 46.61.024(1) ("Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and *who drives his or her vehicle in a reckless manner* while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony." (Emphasis added.)). This is a rational distinction

---

[1] We also note that if the juvenile actually commits a crime such as driving under the influence of drugs or alcohol, the juvenile would be subject to mandatory one year revocation just like juveniles who commit attempting to elude a pursuing police vehicle. RCW 46.20.285(3).

that bears a rational relationship to the legislative purpose of ensuring the safety of people operating motor vehicles on public highways. Therefore, there is a rational basis for mandatory license revocation for juveniles convicted of attempting to elude, and E.C.V. cannot meet his burden to show that there is no conceivable set of facts that justify the challenged classification. Accordingly, mandatory revocation of E.C.V.'s license does not violate equal protection.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, C.J.
Lee, C.J.

We concur:

Maxa, J.

Glasgow, J.