# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>      v.<br><br>DELINO J. OLEBAR,<br><br>               Appellant. | DIVISION ONE<br><br>No. 85843-2-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Delino Olebar appeals his sentences for convictions of robbery in the first degree, assault in the third degree, unlawful possession of a firearm in the first degree, and attempting to elude a pursuing police vehicle.

Olebar was sentenced to concurrent sentences of 51, 48, 16, and 8 months of incarceration. The sentences were determined, in part, by including three juvenile adjudications in the calculation of his offender scores. On the date he committed his offenses, February 10, 2023, the applicable sentencing statute allowed for inclusion of prior juvenile adjudications of guilt in an offender score. However, the legislature amended the pertinent statute, effective on July 23, 2023, to exclude juvenile offenses from offender score calculation (except for adjudications of murder in the first or second degree or class A felony sex offenses). LAWS of 2023, ch. 415, § 2, codified at RCW 9.94A.525(1)(b). Olebar was sentenced on September 28, 2023.

Olebar contends that the trial court erred by increasing his offender score from 3 to 4 by virtue of counting his prior juvenile adjudications of guilt.  He asserts that he is entitled to resentencing with an offender score of 3.

We hold that Olebar's sentencing was controlled by the law in effect at the time he committed his offenses.  In so ruling, we give effect to the "timing" statute, RCW 9.94A.345,[1] the "saving clause" statute, RCW 10.01.040,[2] and pertinent Washington case law.  The amended statute did not apply at Olebar's sentencing.  Accordingly, we affirm Olebar's sentences.[3]

I

On February 10, 2023, Delino Olebar confronted Paarth Kotak while Kotak was sitting inside his car.  Holding a handgun, Olebar demanded Kotak's car and threatened to kill him if he did not relinquish it.  Kotak got out of his car and Olebar took it and drove away from the scene.  Police officers soon located Olebar and pursued him onto a dead-end street.  Olebar then drove Kotak's car

---

[1] RCW 9.94A.345 provides: "Timing. Except as otherwise provided in this chapter, any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed."

[2] RCW 10.01.040 provides, in full: "Saving clause presumed. No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein."

[3] Olebar does not assign error to any ruling resulting in his present convictions.

into an officer's vehicle while attempting to flee. Olebar was apprehended. Police discovered a loaded semi-automatic pistol in his possession.

On August 9, 2023, Olebar pleaded guilty to robbery in the first degree, assault in the third degree, unlawful possession of a firearm in the first degree, and attempting to elude a pursuing police vehicle. On September 28, 2023, he was sentenced to 51 months of incarceration, with differing sentences on the four charges running concurrently.

The trial court calculated his offender score as 4: the sum of three points from his other current offenses plus one additional point resulting from his three prior juvenile felony adjudications. Without the juvenile adjudications, Olebar's offender score would have been 3. On the most severe charge, the robbery, an offender score of 3 would have resulted in a standard range of 41 to 61 months, whereas the offender score of 4 resulted in a range of 51 to 68 months.

Olebar appeals.

II

On February 10, 2023, when Olebar committed the offenses for which he was sentenced, RCW 9.94A.525(1) mandated that prior juvenile adjudications of guilt were to be included when calculating an offender score. The superior court sentenced Olebar accordingly, by including his three prior juvenile convictions, adding 0.5 point for each of the three convictions, and rounding down to the nearest whole number. This calculation resulted in one point being added to the sum of points that resulted from his other current offenses. Thus, he was sentenced on each conviction as having an offender score of 4.

3

Olebar was sentenced on September 28, 2023. On July 23, 2023, a statutory amendment became effective that provided for the exclusion of most juvenile convictions from offender score calculation. The newly amended statute provided that:

> For the purposes of this section, *adjudications of guilt pursuant to Title 13 RCW [juvenile courts and offenders]* which are not murder in the first or second degree or class A felony sex offenses *may not be included* in the offender score.

LAWS of 2023, ch. 415, § 2, codified at RCW 9.94A.525(1)(b) (emphasis added).

Olebar's prior juvenile convictions were not for murder or felony sex offenses.

III

We review the trial court's calculation of an offender score de novo. State v. Jenks, 197 Wn.2d 708, 713, 487 P.3d 482 (2021); State v. Olsen, 180 Wn.2d 468, 472, 325 P.3d 187 (2014).

We review questions of statutory interpretation de novo. Jenks, 197 Wn.2d at 713. "'[T]he fixing of legal punishments for criminal offenses is a legislative function,' . . . [i]t is therefore 'the function of the legislature and not of the judiciary to *alter* the sentencing process.'" Jenks, 197, Wn.2d at 713 (quoting State v. Ammons, 105 Wn.2d 175, 180, 713 P.2d 713 (1986)). Statutes are construed based on their plain language. Jenks, 197 Wn.2d at 714. If a statute's language is unambiguous, the analysis ends. "'Language is unambiguous when it is not susceptible to two or more interpretations.'" Jenks, 197 Wn.2d at 714 (quoting State v. Delgado, 148 Wn.2d 723, 726, 63 P.3d 792 (2003)). "We begin

4

with the text of the statute because if a statute is clear on its face, its meaning is to be derived from the language of the statute alone." State v. Moeurn, 170 Wn.2d 169, 174, 240 P.3d 1158 (2010). In addition to a provision's plain language, courts also look to related statutory provisions and the statutory scheme as a whole. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 43 P.3d 4 (2002).

IV

Olebar asserts that the superior court erred by including his prior juvenile adjudications of guilt when calculating his offender score. He argues that the July 2023 amended statute should have been applied, rather than the statute in effect at the time of his offenses. We disagree.

A

Two statutes control the question of which version the law is to be used when calculating a person's offender score.

The first statute, RCW 9.94A.345, governs the timing of sentencing and offender score calculations and requires that the law utilized to calculate an offender score must be the law in effect on the date of offense:

> Except as otherwise provided in this chapter, any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed.

The second statute, RCW 10.01.040, also known as the savings clause, ensures that pending criminal proceedings are not affected by subsequent amendments or repeals. This statute provides, in pertinent part:

*Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force*, notwithstanding such amendment or repeal, *unless a contrary intention is expressly declared in the amendatory or repealing act*, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

RCW 10.01.040 (emphasis added).

Read together, these two statutes required that Olebar's sentencing be determined in accordance with the law in effect at the time he committed his current offenses, and that the statutory amendment that became effective prior to his sentencing did not affect his offender score calculation. The date of his current offenses was February 10, 2023.

B

This conclusion is consistent with the holding of a recently published decision of this court.

[W]e address Troutman's claim regarding LAWS OF 2023, ch. 415, § 2 (codified at RCW 9.94A.525(1)(b)), which provides that adjudications of guilt for juvenile offenders by juvenile courts, other than murder in the first or second degree or class A felony sex offenses, may not be included in the calculation of an adult offender score. We conclude that because the plain language of the 2023 amendment conveys no legislative intent that it applies retroactively, under RCW 9.94A.345 and the savings clause, RCW 10.01.040, the law in effect at the time of the offense applies to Troutman's sentence, so the amendment does not alter the calculation of Troutman's offender score.

State v. Troutman, ___ Wn. App. 2d ___, 546 P.3d 458, 459-60 (2024).

A recently published opinion of our colleagues at Division Two is in agreement.

We hold that RCW 9.94A.345 and RCW 10.01.040 require that Tester be sentenced based on the law in effect when he committed his offenses, and RCW 9.94A.525(1)(b) does not apply prospectively to Tester's offender score calculation.

State v. Tester, ___ Wn. App. 2d ___, 546 P.3d 94, 96 (2024).

In an unpublished opinion, Division Three has indicated its agreement.

The State further argues that the law in effect at the time Scabbyrobe committed the crime must be applied when imposing her sentence. The State cites RCW 9.9A.345 and RCW 10.01.040 as requiring the application of the law in effect at the time the crime was committed.

We agree with the State.

In re Pers. Restraint of Scabbyrobe, No. 39562-6-III, slip op. at 5 (Wash. Ct. App. Jan. 25, 2024) (unpublished), http://www.courts.wa.gov/opinions/pdf/395626.pdf.

C

Olebar next contends that the amended statute is remedial or was otherwise intended by the legislature to apply to pending cases. These claims fail.

We have already decided that the amended statute "conveys no legislative intent that it apples retroactively." Troutman, 546 P.3d at 460. Indeed, as pointed out by our colleagues at Division Three, the opposite is true.

The legislative history of Laws of 2023, chapter 415 evidences that the legislature did not intend for the amendment to apply retroactively. When a bill initially includes a provision but is later stricken from the bill, the act of striking the provision from the final version of the bill indicates an intent on behalf of the legislature to exclude the provision. State v. Hirschfelder, 170 Wn.2d 536, 546-47, 242 P.3d 876 (2010). Chapter 415, as introduced, granted the right to resentencing to any offender sentenced on an offender score that included points for past juvenile convictions. H.B. 1324, § 3, 68th Leg., 2023 Reg. Sess. (Wash.). The legislature later struck the provision before passage. 2023 Wash. Laws ch. 415.

7

Scabbyrobe, No. 39562-6-III, slip op. at 6.

Moreover, because "changes to criminal punishments are substantive, not procedural," Jenks, 197 Wn.2d at 721, "the remedial nature of an amendment is irrelevant when the statute is subject to RCW 10.01.040." Tester, 546 P.3d at 98 (citing State v. Kane, 101 Wn. App. 607, 613, 5 P.3d 741 (2000)).

D

Finally, we note that our decision closely follows our Supreme Court's analysis in Jenks. In that decision, our High Court ruled that RCW 9.94A.345 "commands sentencers to look to the law in effect at the time of the crime" when imposing a sentence. Jenks, 197 Wn.2d at 716. Although Jenks dealt with a persistent offender sentencing, its ruling and analysis properly inform our decision today.

Affirmed.

Dwyer, J.

WE CONCUR:

Brennan, J.    Mann, J.