# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48393-9-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| TANYA DESIREE JAMES-BUHL, | |
| Respondent. | |

MAXA, A.C.J. – The issue in this case is whether a teacher's mandatory duty under RCW 26.44.030(1)(a) to report to authorities when he or she has reasonable cause to believe that a child has suffered abuse or neglect applies to information obtained outside the course of his or her employment as a teacher.

The State charged Tanya James-Buhl, a junior high school teacher, with three counts of failure to comply with the mandatory reporting law for not reporting to law enforcement that her daughters had disclosed that their stepfather had touched them inappropriately. The trial court dismissed the charges, ruling that RCW 26.44.030(1)(a) requires teachers to report suspected child abuse only when they obtain information regarding child abuse in the course of their employment. The trial court ruled that RCW 26.44.030(1)(d), which requires adults residing with children to report only when they have reasonable cause to believe that a child has suffered "severe abuse" as defined in that subsection, determined James-Buhl's obligation to report information she obtained about her own children outside of her course of employment.

We hold that the plain language of RCW 26.44.030(1)(a), considered in the context of other subsections in the statute that contain explicit course of employment limitations, does not limit a teacher's mandatory reporting duty to information about child abuse obtained in the course of employment. We also decline to consider James-Buhl's argument that she did not have reasonable cause to believe her daughters had been abused, which is the prerequisite for a mandatory reporting duty. Accordingly, we reverse the trial court's dismissal of the charges against James-Buhl and remand for further proceedings.

FACTS

James-Buhl is a junior high school teacher. She was married to Joshua Hodges, who was the stepfather of James-Buhl's daughters, MEB, MMB, and KB.[1]

In late May 2015, MEB's youth pastor made a report to Child Protective Services that MEB had told James-Buhl that Hodges had been touching her inappropriately. The youth pastor stated that James-Buhl had not reported the abuse, but that she was "handling things in the house." Clerk's Papers at 1.

Law enforcement investigated and interviewed the three girls. MEB described how Hodges had touched her inappropriately. She also said she had told James-Buhl about the abuse in early January, but nothing had changed. MMB said that Hodges had touched her and that she had told James-Buhl about it. And KB said that Hodges had touched her once every two to three weeks and that she had told James-Buhl about it four or five months before the August 2015 forensic interview.

---

[1] James-Buhl also has an older daughter, BJ-K. Although BJ-K was interviewed and made statements about Hodges having touched her when she was teenager, that information was not the basis of any charge against James-Buhl.

The State charged James-Buhl with three counts of failure to comply with the mandatory reporting law, RCW 26.44.030(1)(a), for not reporting suspected child abuse to law enforcement or the Department of Social and Health Services when her daughters disclosed that Hodges had touched them inappropriately. The State did not allege that MEB, MMB, and KB were James-Buhl's students or enrolled in the school where James-Buhl taught.

James-Buhl moved to dismiss the charges with prejudice, arguing that RCW 26.44.030(1)(a) did not apply because her daughters were not her students and that she learned about the alleged abuse in her capacity as their mother and not as a teacher. James-Buhl argued that she was subject to the different standards of reporting provided in RCW 26.44.030(1)(d), which applies to adults who live with children. James-Buhl did not argue in the trial court that even if RCW 26.44.030(1)(a) applied, dismissal was appropriate because she did not have reasonable cause to believe that the children had been abused.

The trial court agreed with James-Buhl that RCW 26.44.030(1)(d) applied instead of RCW 26.44.030(1)(a) because James-Buhl did not have a teacher relationship with MEB, MMB, and KB. Accordingly, the trial court dismissed the charges against James-Buhl with prejudice.

The State appeals.

ANALYSIS

A.    COURSE OF EMPLOYMENT LIMITATION FOR MANDATORY REPORTING

The State argues that the trial court erred by interpreting RCW 26.44.030(1)(a) to include an implied course of employment limitation. The State asserts that the plain statutory language

requires mandatory reporters to report suspected child abuse in all circumstances when there is reasonable cause.[2]  We agree.

       1.    Principles of Statutory Interpretation

Statutory interpretation is a matter of law that we review de novo.  *State v. Evans*, 177 Wn.2d 186, 191, 298 P.3d 724 (2013).  The primary goal of statutory interpretation is to determine and give effect to the legislature's intent.  *State v. Larson*, 184 Wn.2d 843, 848, 365 P.3d 740 (2015).  To determine legislative intent, we first look to the plain language of the statute.  *Id*.  We consider the language of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole.  *Id.*

If the plain meaning of a statute is unambiguous, we must apply that plain meaning as an expression of legislative intent.  *Id.*  We will not add language to an unambiguous statute even if we believe that the legislature intended something else but failed to express it adequately.  *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997).

A statute is ambiguous when it is subject to more than one reasonable interpretation.  *Evans*, 177 Wn.2d at 192-93.  When a statute is ambiguous, we first attempt to resolve any ambiguity and determine the legislature's intent by considering principles of statutory construction, legislative history, and relevant case law.  *State v. Reeves*, 184 Wn. App. 154, 158, 336 P.3d 105 (2014).  If these indications of legislative intent are insufficient to resolve the

---

[2] James-Buhl initially argues that the State did not properly assign error to the trial court's order of dismissal.  We disagree.  The State indicates in both its assignment of error and its issues pertaining to the assignment of error that the issue for us to decide is whether the trial court properly interpreted RCW 26.44.030(1)(a) in its order of dismissal.

ambiguity, we must apply the rule of lenity and construe the statute in favor of the defendant. *Id.* at 158-59.

### 2. Language of RCW 26.44.030(1)

RCW 26.44.030(1) identifies certain people who have a mandatory duty to report suspected child abuse and defines the scope of that duty.[3] The statute contains several subsections that address different groups of people who have reporting responsibilities. RCW 26.44.080 provides that anyone who is required by RCW 26.44.030 to report abuse, "and who knowingly fails to make, or fails to cause to be made, such report, shall be guilty of a gross misdemeanor."

### a. RCW 26.44.030(1)(a)

RCW 26.44.030(1)(a) imposes a duty to report on numerous types of people who regularly have contact with children. It states:

> When any practitioner, county coroner or medical examiner, law enforcement officer, *professional school personnel*, registered or licensed nurse, social service counselor, psychologist, pharmacist, employee of the department of early learning, licensed or certified child care providers or their employees, employee of the department, juvenile probation officer, placement and liaison specialist, responsible living skills program staff, HOPE center staff, state family and children's ombuds or any volunteer in the ombuds's office, or host home program *has reasonable cause to believe that a child has suffered abuse or neglect*, he or she shall report such incident, or cause a report to be made, to the proper law enforcement agency or to the department as provided in RCW 26.44.040.

---

[3] RCW 26.44.030 has been amended since the events in this case transpired, but the amendments only made minor changes. A 2016 amendment added "host home program" to the list of mandatory reporters under subsection (1)(a), and a 2015 amendment added language related to reporting to military law enforcement. LAWS OF 2016, ch. 166, § 4; LAWS OF 2015, 1st Spec. Sess., ch. 6, § 1. Because these changes are minor and do not impact the language relied on by the parties, we cite to the current version of the statute.

RCW 26.44.030(1)(a) (emphasis added).[4] RCW 26.44.020(19) defines "professional school personnel" to include teachers. Significantly, RCW 26.44.030(1)(a) does not expressly limit the mandatory reporting duty to information obtained in the course of the professional's employment.

Under RCW 26.44.030(1)(b)(iii), "reasonable cause" means "a person witnesses or receives a credible written or oral report alleging abuse, including sexual contact." RCW 26.44.030(1)(b)(v) states that "sexual contact" has the same meaning as in RCW 9A.44.010: "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

     b.    RCW 26.44.030(1)(b), (c) and (e)

Additional subsections of RCW 26.44.030(1) impose mandatory reporting duties on other people and contain express course of employment limitations. RCW 26.44.030(1)(b) provides:

> When any person, *in his or her official supervisory capacity with a nonprofit or for-profit organization*, has reasonable cause to believe that a child has suffered abuse or neglect caused by a person over whom he or she regularly exercises supervisory authority, he or she shall report such incident.

(Emphasis added.) Subsection (1)(b) also states, "Nothing in this subsection (1)(b) shall limit a person's duty to report under (a) of this subsection." RCW 26.44.030(1)(b).

RCW 26.44.030(1)(c) provides:

> The reporting requirement also applies to department of corrections personnel who, *in the course of their employment*, observe offenders or the children with whom the offenders are in contact. If, *as a result of observations or information received in the course of his or her employment*, any department of corrections personnel has

---

[4] RCW 26.44.030(1)(f) adds that the same reporting requirement in subsection (1)(a) "also applies to administrative and academic or athletic department employees, including student employees, of institutions of higher education, as defined in RCW 28B.10.016, and of private institutions of higher education."

reasonable cause to believe that a child has suffered abuse or neglect, he or she shall report the incident.

(Emphasis added.) The legislation that added subsection (1)(c)[5] included a finding of intent regarding the course of employment limitation:

The legislature intends . . . to limit the circumstances under which department of corrections personnel are mandated reporters of suspected abuse or neglect to only those circumstances when the information is obtained during the course of their employment. *This act is not to be construed to alter the circumstances under which other professionals are mandated to report suspected abuse or neglect*, nor is it the legislature's intent to alter current practices and procedures utilized by other professional organizations who are mandated reporters under RCW 26.44.030(1)(a).

LAWS OF 1996, ch. 278, § 1 (emphasis added).

RCW 26.44.030(1)(e) provides:

The reporting requirement also applies to guardians ad litem, including court-appointed special advocates . . . *who in the course of their representation of children in these actions* have reasonable cause to believe a child has been abused or neglected.

(Emphasis added.)

        c.    RCW 26.44.030(1)(d)

RCW 26.44.030(1)(d) imposes a mandatory duty to report suspected child abuse on adults who reside with children. But when an adult residing with children must report is different than when people identified in the other subsections of RCW 26.44.030(1) must report. The duty to report applies only if the child has suffered "severe abuse," which is given a narrow definition. RCW 26.44.030(1)(d) provides:

The reporting requirement shall also apply to any adult who has reasonable cause to believe that a child who resides with them, *has suffered severe abuse*, and is able

---

[5] What currently is subsection (1)(c) was subsection (1)(b) when first enacted in LAWS OF 1996, ch. 278, § 2.

or capable of making a report. For the purposes of this subsection, "severe abuse" means any of the following: Any single act of abuse that causes physical trauma of sufficient severity that, if left untreated, could cause death; any single act of sexual abuse that causes significant bleeding, deep bruising or significant external or internal swelling; or more than one act of physical abuse, each of which causes bleeding, deep bruising, significant external or internal swelling, bone fracture, or unconsciousness.

(Emphasis added.)

3. Statutory Analysis

a. Plain Language of RCW 26.44.030(1)(a)

The plain language of RCW 26.44.030(1)(a) does not include any course of employment limitation. That subsection simply states "[w]hen any . . . professional school personnel . . . has reasonable cause to believe that a child has suffered abuse or neglect, he or she shall report such incident." RCW 26.44.030(1)(a). However, James-Buhl suggests that RCW 26.44.030(1)(a)'s silence on the scope of the duty creates an ambiguity.

If RCW 26.44.030(1)(a) is read in isolation from the other subsections, it might be reasonable to interpret that subsection as providing a course of employment limitation. Identifying the mandatory reporters by profession/occupation could suggest that their duty to report would arise within the scope of that profession or occupation.

But when determining the plain meaning of a provision, we consider not only the text of the particular provision but also the context of the provision, related provisions, and the statutory scheme as a whole. *Larson*, 184 Wn.2d at 848. Here, three other subsections of RCW 26.44.030(1) contain language that explicitly limits the duty to report to the course of employment. Subsection (1)(b) applies to an individual who "in his or her official supervisory capacity with a nonprofit or for-profit organization" has reasonable cause to suspect child abuse.

RCW 26.44.030(1)(b). Subsection (1)(c) applies to department of corrections (DOC) personnel who "in the course of their employment" and "as a result of observations or information received in the course of his or her employment" have reasonable cause to suspect child abuse. RCW 26.44.030(1)(c). And subsection (1)(e) applies to guardians ad litem "who in the course of their representation of children" have reasonable cause to suspect child abuse. RCW 26.44.030(1)(e).

Including an express course of employment limitation for subsections (1)(b), (1)(c) and (1)(e) and not for subsection (1)(a) clearly shows that the legislature did not intend to include such a limitation for subsection (1)(a). Otherwise, the legislature would have included a course of employment limitation in subsection (1)(a) as in the other subsections.

Similarly, implying a course of employment limitation for subsection (1)(a) would render the limiting language in subsections (1)(b), (1)(c), and (1)(e) superfluous. If the legislature intended that the general language in subsection (1)(a) would include an implied course of employment limitation, similar general language in the other subsections would imply the same limitation without out the need for express course of employment language. We avoid interpretations of statutory language that would render any portion of the statute superfluous or meaningless. *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005).

Further, when the legislature amended RCW 26.44.030(1) in 1996 to add subsection (1)(c), it enacted a statement of intent indicating that its adoption of an express course of employment limitation for DOC personnel was "not to be construed to alter the circumstances under which other professionals are mandated to report suspected abuse or neglect." LAWS OF

1996, ch. 278, § 1.[6] This statement of intent clearly shows that the course of employment limitation for DOC personnel was an exception to the general rule and that mandatory reporting duty for other occupations did not have the same limitation.

Finally, subsection (1)(b) states that "[n]othing in this subsection (1)(b) shall limit a person's duty to report under (a) of this subsection." RCW 26.44.030(1)(b). This qualification shows that while a mandatory reporter's duty under subsection (1)(b) is limited to his or her official supervisory capacity, subsection (1)(a) is broader and contains no similar limitation.

b.    Effect of RCW 26.44.030(1)(d)

James-Buhl argues that subsection (1)(a) must be interpreted in the context of subsection (1)(d), which provides a different reporting standard for adults residing with children. She claims that her status as both a teacher and an adult residing with children puts subsection (1)(a) in conflict with subsection (1)(d), and that a course of employment limitation must be implied in subsection (1)(a) to harmonize the two subsections.

However, there is no conflict between the two subsections. When a person identified in subsection (1)(a) must report is different than when an adult residing with children must report under subsection (1)(d), but the obligations are not inconsistent. A person can comply with subsection (1)(a) without violating subsection (1)(d). And nothing in RCW 26.44.030(1) indicates that a person cannot be subject to both subsections. Further, failing to imply a course of employment limitation in subsection (1)(a) does not render subsection (1)(d) meaningless. Subsection (1)(d) still applies to adults who reside with children and are not mandatory reporters

---

[6] A statement of purpose of the statute at issue or a related statute can be considered in determining the plain meaning of the statutory language. *See Protect the Peninsula's Future v. Growth Mgmt. Hr'gs Bd.*, 185 Wn. App. 959, 969-70, 344 P.3d 705 (2015).

under subsection (1)(a). And when an individual covered by subsection (1)(a) who resides with a child has reasonable cause to believe that the child has suffered severe abuse, there is a duty to report under both subsection (1)(a) and subsection (1)(d).

### c. No Absurd Result

James-Buhl relies on the rule of construction that we avoid an interpretation of a statute that would lead to an absurd or unreasonable result. *State v. Shirts*, 195 Wn. App. 849, 858, 381 P.3d 1223 (2016). She argues that the State's interpretation leads to an absurd result because teachers who live with children would be held to a higher standard of reporting than other adults who live with children.

However, holding teachers and other subsection (1)(a) mandatory reporters to a higher standard is not absurd because those people are trained in identifying and reporting child abuse. Further, because of the status of teachers or other mandatory reporters in the community, a child might go to them outside of their work to report abuse. And the obvious goal of the mandatory reporting statute is to prevent child abuse. Holding teachers to a higher standard would help stop instances of child abuse that otherwise might not be reported.[7]

### d. Conclusion

We hold that when subsection (1)(a) is considered in the context of the other subsections of RCW 26.44.030(1), the plain language of subsection (1)(a) unambiguously provides that the mandatory reporting duty for the professionals identified applies in all circumstances and not only when information about child abuse is obtained in the course of employment.

---

[7] James-Buhl also argues that she complied with her training on the mandatory reporting duty. However, whether or not James-Buhl complied with her training or what she believed were her reporting duties does not impact how we interpret the statute.

Requiring the professionals identified in RCW 26.44.030(1)(a) to report suspected child abuse in all circumstances is a harsh requirement. Not implying a course of employment limitation means that a teacher can be subject to prosecution for failing to report suspected child abuse based on information obtained at home, on vacation, or anywhere else. Further, a teacher may be subject to civil liability for violating RCW 26.44.030(1)(a). *Beggs v. Dep't of Social & Health Servs.*, 171 Wn.2d 69, 75-78, 247 P.3d 421 (2011). Nevertheless, the plain statutory language dictates this result. We have no authority to rewrite statutes, even if the statute seems unduly harsh. *State v. Groom*, 133 Wn.2d 679, 689, 947 P.2d 240 (1997). And we will not second-guess the legislature's policy decisions. *See State v. Peeler*, 183 Wn.2d 169, 185, 349 P.3d 842 (2015).

B.     REASONABLE CAUSE REQUIREMENT

James-Buhl argues that even if RCW 26.44.030(1)(a) applies in this case, the trial court's dismissal was still proper because she did not have reasonable cause to believe her daughters were being abused. We decline to consider this argument.

Whether James-Buhl had reasonable cause to believe that her children had suffered abuse clearly is a factual question. Under CrR 8.3(c), the defendant may bring a motion for dismissal based on "insufficient evidence establishing a prima facie case of the crime charged." The motion must be supported by an affidavit or declaration alleging that there are no material disputed facts and setting out the agreed facts. CrR 8.3(c)(1). The trial court "shall grant the motion if [1] there are no material disputed facts and [2] the undisputed facts do not establish a prima facie case of guilt." CrR 8.3(c)(3).

But James-Buhl did not file a CrR 8.3 motion or otherwise argue in the trial court that the State had insufficient evidence to show reasonable cause. Further, she did not submit an affidavit or declaration alleging that there are no material disputed facts and setting out agreed facts as required under CrR 8.3(c)(1). As a result, the record is inadequate for us to address James-Buhl's sufficiency of the evidence argument.

Because there may or may not be disputed facts regarding what James-Buhl knew about the abuse, we have no way of determining whether dismissal is appropriate under CrR 8.3(c) on this record. Therefore, we decline to consider this argument.

CONCLUSION

We reverse the trial court's order of dismissal and remand for further proceedings consistent with this opinion.

_____
MAXA, A.C.J.

We concur:

_____
LEE, J.

_____
MELNICK, J.